LEACH, Appellant, vs. LEACH, Respondent.

*February 3—March 2, 1954.*

224

For the appellant there was a brief by *Rieser, Mathys, Mc-Namara & Stafford* of Madison, and oral argument by *Clifford G. Mathys.*

For the respondent there was a brief by *Dougherty, Ryan, Moss & Wickhem* of Janesville, and oral argument by *Howard H. Moss.*

BROWN, J. The appeal from the order overruling the demurrer brings before us the same point of law raised by the

appeal from the order denying the motion to strike, and it will not be necessary for us to consider whether in this state of the pleadings the order on the motion is an appealable one. We proceed, therefore, directly to the question raised by some of the allegations of the complaint, the answer to those allegations and the demurrer to that part of the answer. That question is whether the statement in *Leach v. Leach, supra,* that Mrs. Leach left her husband's home in 1947 without just cause attributable to him is *res judicata* in Mr. Leach's favor in the present action of the issue that she deserted him. In the former action the parties attempted to divorce each other for alleged cruel and inhuman treatment and in the effort of each to substantiate a cause of action each testified concerning the circumstances under which Mrs. Leach took up separate residence. The trial court concluded that neither these circumstances nor any others which the evidence brought to his attention constituted cruel and inhuman treatment and he denied divorce to each on the respective complaints.

No argument can be made that the dismissal of the complaints alleging cruel and inhuman treatment forecloses a defense under the rule of *res judicata* to later divorce proceedings brought for desertion. Appellant does not attempt it. But the judgment also ordered the payment of support money to Mrs. Leach notwithstanding her separate residence and upon appeal from that part of the judgment we held that the law does not require a husband to support separately a wife who has left his home without just cause, and as Mrs. Leach had so left the family home she was not entitled to be supported elsewhere. It is this part of the former proceeding which appellant now contends determines for all purposes the issue and the effect of Mrs. Leach's removal from the husband's home. He submits that "the entire issue of wilful desertion as a cause for divorce was adjudicated in the former action in the plaintiff's favor, and should not be again re-

litigated, leaving for the trial court only the question of property settlement or division."

There were two issues litigated in Mr. Leach's former action against his wife. One was whether Mrs. Leach was guilty of cruel and inhuman treatment of her husband. The other was whether she left home under such circumstances that he was required to support her during her absence. Neither one is the issue now in litigation. To entitle Mr. Leach to a divorce for cause governed by sec. 247.07 (4), Stats., he must establish the four essentials recognized in *Schopps v. Schopps* (1925), 188 Wis. 151, 205 N. W. 829. They are:

(1) A leaving by Mrs. Leach without just cause.

(2) Such leaving was without the intention to return.

(3) The separation must continue for the statutory period of one year; and

(4) The original leaving, together with the living apart for the statutory period, must be without Mr. Leach's consent.

It was held in *Schopps v. Schopps, supra,* that there may exist a cause of action for desertion in a case where the original leaving was with consent if the complaining spouse in good faith offers to terminate the separation and the other party unreasonably refuses to do so. Such a case provides an exception with respect to the above four essential elements, but up to the point reached by the instant case we are not concerned with it, and if the plaintiff husband is to prevail at the subsequent trial on the merits it will be necessary for him to establish all four of the above-listed essential elements.

In the former appeal the question of whether Mrs. Leach was entitled to support and maintenance from her husband under the provisions of sec. 247.28, Stats., while living apart from him, was held to be dependent upon whether or not she left the home in which the parties had resided together, without just cause. This court in its opinion on the former

appeal directly held that Mrs. Leach did leave the family home *"without just cause."* It would be an anomaly if Mrs. Leach again could present testimony with respect to Mr. Leach's conduct toward her prior to August 14, 1947, in an attempt to prove that such conduct justified her leaving the family home, after the trial court in the prior action had characterized this alleged wrongful conduct of the husband as *"trivialities"* and this court had determined that her leaving because of such conduct was without just cause.

The first essential of the required four therefore is established by the principle of *res judicata.* But that principle does not extend to the other three elements which were not considered upon the appeal in the first action. Therefore, the trial on the issue of desertion in the instant case should be limited to evidence bearing on such other three essential elements.

The third order from which Mr. Leach appeals was given after the entry of judgment and before the return of the record to the supreme court. It reads:

"Now, therefore, it is hereby ordered that the plaintiff be and he hereby is charged with the payment to Dougherty, Ryan, Moss & Wickhem, defendant's attorneys, of their disbursements and attorneys' fees involved in the appeal by the plaintiff to the supreme court of the state of Wisconsin from the whole of the order of this court, dated August 22, 1953, denying plaintiff's motion to strike and also from the order of this court, dated August 22, 1953, overruling the plaintiff's demurrer to certain defenses set out in defendant's answer.

"It is further ordered that the amount of defendant's attorneys' fees and disbursements shall be determined by this court, on notice to plaintiff, after said appeal has been heard by said Wisconsin supreme court, at which time defendant's attorneys shall submit to this court a detailed statement of their disbursements and services involved in the arguments of said appeal."

Appellant submits that this order does not comply with Supreme Court Rule 43a, identical with sec. 251.431, Stats.:

"In divorce actions pending in this court, on appeal perfected after July 1, 1910, no allowances for suit money, counsel fees, or disbursements in this court, nor for temporary alimony or maintenance of the wife or children during the pendency of the appeal will be made in this court.

"Such allowances, if made at all, shall be made by the proper trial court upon motion made and decided after the entry of the order or judgment appealed from and prior to the return of the record to this court, *provided,* that if such allowance be ordered before the appeal is taken such order shall be conditioned upon the taking of the appeal and shall be without effect unless and until the appeal be perfected."

We consider that if an order in fact makes an allowance the court should be able to tell from the order itself what the allowance is. When we look at the order in question we find that it allows respondent nothing. The real allowance is left for determination later which, in our interpretation of the rule, is too late. This order must be reversed.

*By the Court.*—Order denying plaintiff's motion to strike certain defenses undetermined. Order overruling plaintiff's demurrer to such defenses modified by reversing the order in so far as the demurrer pertains to the just cause for defendant's departure from plaintiff's home and, as so modified, the order is affirmed. Order purporting to allow appeal fees and disbursements reversed. Cause remanded for further proceedings consistent with this opinion. No costs allowed either party. Each party to pay one half the clerk's fees.

STEINLE, J. (*dissenting*). In the former action of divorce between these parties, *Leach v. Leach* (1952), 261 Wis. 350, 52 N. W. (2d) 896, the husband's complaint did not allege a cause of action for desertion against the wife. There, each of the parties had charged the other with cruel and inhuman treatment and the trial court found that neither had established a cause of action against the other. The only issue on appeal in the former case was whether, under all of the cir-

cumstances, Mrs. Leach was entitled to support under sec. 247.28, Stats. This court overruled the trial court's determination for an allowance.

In the prior action the trial court had merely found that Mrs. Leach had vacated the home of the parties on August 14, 1947. It did not determine that she left without just cause. It found that for some years she had been in poor health and that (p. 354), "it is evident to the court that her physical and nervous condition has had a great deal to do with the strained relationship which has gradually arisen between the parties." True, the trial court did not specifically find that the condition of her health was such as to require that she live apart from the husband. On the other hand, it did not determine that she had wilfully deserted the husband. Had wilful desertion been established, even though for less than a period of a year, such conduct may well have resulted in cruel and inhuman treatment which may have entitled the husband to a decree on such ground.

Had the parties or their counsel at the prior trial attached as much importance to the matter of the wife's leaving of the home as they do now,—or had they been aware of the fact that in the future the evidence which they then presented on the subject might be used in a determination of another cause of action between them, to wit, wilful desertion,—it is not difficult to visualize that both sides undoubtedly would have developed proof on the subject of far greater weight and possibly quantity and quality than that which was presented. Mrs. Leach had undergone very serious operations. She had submitted to psychiatric treatment in hospitals. Medical testimony undoubtedly is available that would bring out in bold relief the truth or falsity of her claims regarding the necessity for such medical attention, and which may have an important bearing as to whether she was responsible for remaining away from the husband or even as to whether she was justified in living apart from him. The court at the

prior trial found that the record abounds in proof of trivialities. Certainly the wilful desertion, which the husband now claims, is not a triviality. Obviously, in view of the court's findings, the husband's proof on the point then must have been very weak indeed. At least, it is reasonable to assume, that the wife in controverting it, was not led to believe that it was a major matter in the cause.

I am of the opinion that the wife at the trial of this action ought to be afforded full opportunity to establish her reasons for leaving the home of the parties. If she is able to present competent evidence to show just cause for such leaving, she ought to be entitled to have it considered in a determination of the husband's charge that she wilfully deserted him. She ought not to be bound by a finding on the subject in another cause where the issues were different and the consequences totally dissimilar.

Actually the wife has not had her "day in court" with reference to this important item. It seems to me that by the rule of the majority opinion herein she is denied due process of law,—she may be foreclosed in offering evidence that in fairness to her and in the interests of justice ought to be included in the court's consideration of whether the desertion was wilful. For these reasons I find myself compelled to respectfully dissent from that portion of the majority opinion holding that the item of her leaving without just cause is *res adjudicata* and whereby she becomes precluded from presenting information which may result in injustice to her.

In this matter I am in agreement with the majority of the members of the court as to reversal of the order of the trial court's allowance for attorneys' fees and disbursements on appeal.

I am authorized to say that Mr. Justice BROADFOOT concurs in this dissent.