PECK, Respondent, vs. PECK, Appellant.*

*March 6—April 3, 1956.*

* Motion for rehearing denied, with $25 costs, on June 5, 1956.

For the appellant there was a brief by *Baumblatt & Goodman* of Racine, and oral argument by *L. P. Baumblatt*.

For the respondent there was a brief by *Nettie E. Karcher* of Burlington, attorney, and *Heft, Brown, Stewart & Coates* of Racine of counsel, and oral argument by *Carroll R. Heft*.

CURRIE, J.  Sec. 247.24, Stats., provides that the court in rendering a judgment of divorce "may make such further provisions therein as it shall deem just and proper concerning the care, custody, maintenance, and *education* of the *minor* children of the parties."  (Italics supplied.)

There seems to be very little case law in Wisconsin interpreting the quoted provision of this statute as applied to a father's duty to contribute toward the support and education of a son or daughter under twenty-one years of age who has completed high school and is desirous of a college education. In fact, the only decision of this court which touches on this problem at all seems to be *Brackob v. Brackob* (1953), 265 Wis. 513, 61 N. W. (2d) 849.  In that case the judgment for divorce required the husband to pay money for the support of his three minor children until they arrived at the age of twenty-one years, and the husband contended that this was an abuse of discretion.  The conceded net income of the father was $5,900, while his gross income was in excess of $21,000. This court held that the husband could increase such net income by curtailing certain unnecessary expenditures and in our opinion stated (p. 524) :

"The income of the defendant is such that he should be required to provide further education beyond high school for his children up to the time that they arrive at the age of twenty-one, if such children are desirous of taking advantage thereof."

In the instant case, Mr. Peck's annual gross income is $4,170 excluding possible income from the printing shop. If depreciation were charged off as an operating expense, which it should be in accord with proper accounting practice, he had no net income therefrom.  Counsel for Mrs. Peck stress the fact that Mr. Peck admitted in his testimony that he was willing to accept the figure of $1,200 as being his annual net income from the printing shop excluding any deduction for depreciation.  Without more information re-

garding the nature and amount of depreciation deducted than is disclosed by the record, we consider such admission to be entitled to very little weight in passing on the issue at hand.

We are of the opinion that as a general rule, in a case where a child under twenty-one years of age who has completed high school is desirous of attending college and whose high-school record has demonstrated that he has the capacity to do college work, a court should not relieve the father from at least being required to continue paying the monthly support money provided in the divorce judgment for the period prior to the child arriving at the age of eighteen years. However, an exception should be made to this rule where the required continuance of such support-money payments would place an undue financial burden on the divorced father.

It is apparent from the record in the instant case that Mr. Peck has been going behind financially. When there is deducted from his gross income of $4,170 his federal and state income taxes and also the $672 per year he must continue to pay for the support of the younger of the two sons it is doubtful if he has $3,000 per year left for the support of himself and his second wife. While the support of the second wife should not be taken into consideration in determining the amount he should be required to pay for the support of his children by his former marriage until they complete their high-school education, it would not be an abuse of discretion for the trial court to consider such factor, together with others, in determining whether he should be required to continue such payments further.

We consider this to be a borderline case and under all the facts and circumstances of this case we cannot hold that there was an abuse of discretion by the learned trial court in relieving Mr. Peck from the payment of further support-money payments for the benefit of Robert subsequent to March 31, 1955, even though we might have arrived at a different conclusion if we had been sitting as the trial court.

There is the additional issue presented of whether it was an abuse of discretion for the trial court to have denied Mrs. Peck's application made pursuant to sec. 251.431, Stats., Supreme Court Rule 43a, for an order requiring Mr. Peck to pay the costs and reasonable attorney fees to be incurred by her in prosecuting this appeal. In opposition to such application, Mr. Peck filed an affidavit in which facts were alleged showing that Mrs. Peck had considerable annual income from sources other than her salary as a post-office employee. We have given no consideration to this additional income in passing on the merits of the appeal from the trial court's original order of June 6, 1955, because this was not part of the record before the trial court when it passed upon the issue of continuance of the support-money payments, or increasing the same. However, the fact that Mrs. Peck possessed such additional financial resources afforded a sufficient ground for the trial court to have denied the application that Mr. Peck be required to pay costs and attorney fees on the appeal.

However, the trial court stated as its reason for denying such latter application the fact that the appeal was from *"a discretionary order."* Clearly such reason is insufficient to sustain the denial because the instant appeal certainly was not frivolous. In fact, it presented a very close question. We affirm the order denying the application for costs and attorney fees solely on the premise that it would not have been an abuse of discretion if such order had been based upon the ground that Mrs. Peck possessed sufficient means of her own to enable her to prosecute the appeal.

*By the Court.*—Orders affirmed.