BRUUN, Respondent, v. BRUUN, Appellant.

*September 9—October 7, 1958.*

For the appellant there was a brief and oral argument by *Arthur DeBardeleben* of Park Falls.

For the respondent there was a brief by *John M. Whitmer* of Park Falls, and *Clifford L. Curran* of Medford, and oral argument by *Mr. Whitmer*.

BROADFOOT, J. The defendant cites several Wisconsin cases which hold that courts may modify the provisions of a judgment in a divorce action relating to alimony and support money only where there has been a substantial or material change in the circumstances of the parties. *Littig v. Littig,* 229 Wis. 430, 282 N. W. 547; *Baldwin v. Baldwin,* 253 Wis. 200, 33 N. W. (2d) 198; *Lerner v. Lerner,* 252 Wis. 87, 31 N. W. (2d) 208; *Romanowski v. Romanowski,* 245 Wis. 199, 14 N. W. (2d) 23; *Setzer v. Setzer,* 251 Wis. 234, 29 N. W. (2d) 62.

This rule is of almost universal application. 2 Nelson, Divorce and Annulment (2d ed.), ch. 17, p. 393 *et seq.,* sec. 17.01 *et seq.* It is there stated that in some states the judgment is based upon the situation of the parties at the time of the judgment and is *res judicata* as to that situation. In

the *Littig Case, supra,* it is indicated that the rule should be strictly applied where the amount to be paid for alimony and support money has been stipulated. In this case, of course, the burden was upon the husband to show a change in his circumstances. In its memorandum decision the trial court stated:

"There appears to be no material change in circumstances upon which a reduction could be made."

The trial court was impressed with the idea that the husband might lose his job if he could not make regular payments to his creditors. That would, of course, be a most-unfortunate result. The husband failed to meet the burden of proof on that point. During the first five months he had managed to make payments each month to his creditors of approximately $49. The manager of the Thorp Finance Corporation at Park Falls was called as a witness. His testimony showed that in the short period between the date of the divorce and the date of the hearing the debt with the company had been reduced from $269.81 to $225.83. He did not indicate that his company planned any drastic steps. There was no showing by the husband that any attempt had been made to secure an extension of time from the creditors.

In this case the husband started the divorce proceedings. For reasons best known to himself he desired a divorce and alleged in his complaint that he had grounds therefor. He was charged with the knowledge at that time that a divorce could not relieve him of his duty to support his wife and his minor children. He was represented by competent attorneys and, so far as the record discloses, freely entered into the stipulation. The stipulation was' approved by the divorce counsel and found to be reasonable by the trial court. The application for modification of the judgment was made about five months thereafter. Such applications, if frequently

made, consume valuable time of the courts at great expense to the public. That should not be encouraged by modifications merely because the applicant is dissatisfied with his agreement. Upon the showing made the court was not justified in modifying the judgment.

The defendant cites the case of *Peck v. Peck,* 272 Wis. 466, 76 N. W. (2d) 316, in support of her contention that the mere fact that the appeal is from a discretionary order is not sufficient to justify the trial court in refusing to allow counsel fees and disbursements for an appeal to the supreme court. In the *Peck Case,* however, this court affirmed the order of the trial court because of other circumstances appearing from the record. In this case, in view of the financial situation of the husband, he should not in fairness be required to pay the costs on the appeal. He has a heavy burden and in equity he should not have the last straw added to his load. The second order therefore is affirmed.

*By the Court.*—The order modifying the judgment as to alimony and support money, dated November 29, 1957, is reversed. The order denying the motion of the defendant to require the plaintiff to pay counsel fees and disbursements in the matter of her appeal, dated February 14, 1958, is affirmed. No costs shall be taxed by either party.

MARTIN, C. J., took no part.