CHANDLER, Respondent, v. CHANDLER, Appellant.

*October 28—November 24, 1964.*

588

.For the appellant there was a brief by *Brennan & Brennan* of Milwaukee, and oral argument by *Joseph K. Brennan.*

For the respondent there was a brief by *Edgarton & Hobbs* of Fond du Lac, and oral argument by *Allan L. Edgarton*.

CURRIE, C. J. Appellant defendant's brief states that the issue before this court is:

"Are the following findings of the circuit court of Fond du Lac county contrary to the great weight of the evidence:

"(a) That the appellant should pay $100 for unusual medical payments?

"(b) That the divorce judgment should be amended to increase the support payments to $145 per month?"

With respect to the portion of the order which requires defendant to pay the sum of $100, a factual issue is presented as to whether there were at least $100 of the medical and drug expenses incurred by plaintiff for Barbara which were "unusual" within the meaning of the applicable provision of the divorce judgment. The test, therefore, to be applied to the trial court's determination of this issue is whether such determination is against the great weight and clear preponderance of the evidence. On the other hand, the trial court's determination that the monthly support-money payments required of defendant be increased $20 per month to cover sending Barbara to summer camp involves an exercise of discretion and not a fact finding. The test to be applied to it on this appeal is whether it constitutes an abuse of discretion. See *Jackson v. Jackson* (1962), 16 Wis. (2d) 61, 64, 113 N. W. (2d) 546; *Bradley v. Bradley* (1960), 9 Wis. (2d) 523, 530, 101 N. W. (2d) 628; *Anderson v. Anderson* (1959), 8 Wis. (2d) 133, 142, 98 N. W. (2d) 434; *Littig v. Littig* (1938), 229 Wis. 430, 437, 282 N. W. 547.

In *Kritzik v. Kritzik* (1963), 21 Wis. (2d) 442, 446, 124 N. W. (2d) 581, we stated, "We must sustain the trial court's modification of a divorce judgment unless the determination is contrary to the great weight of the evi-

dence." This is true only where the modification rests entirely on a factual determination. If the modification rests primarily on an exercise of discretion, this court will not disturb it unless we find an abuse of discretion. The afore-quoted statement from the *Kritzik Case* must be limited to the peculiar facts of that case, and is not to be interpreted as generally applicable to all modifications of support and alimony-payment provisions of divorce judgments.

After a review of the evidence we determine a trial court's finding, that the following medical and drug expenses incurred by plaintiff for Barbara were "unusual" within the meaning of the applicable provision of the divorce judgment, would not be against the great weight of the evidence:

| | |
|---|---:|
| Dr. E. W. Pawsat, medical services | $ 68.00 |
| Dr. Hitzelberger | 10.00 |
| Dana & Worm, drugs and medicines | 28.75 |
| Dr. James Kalk, X rays | 21.00 |
| Total: | $127.75 |

Dr. Pawsat had treated Barbara for virus skin infection, thyroid goiter, kidney malfunction, and swimmer's ear infection and his bill was for services in rendering such treatment. Dr. Hitzelberger had also treated the virus skin infection; Dana & Worm are pharmacists. Their bill was for drugs and medicines prescribed by Drs. Pawsat and Hitzelberger in treating Barbara's aforementioned ailments. Dr. Kalk's bill was for X rays taken in connection with fitting Barbara's teeth with braces. Defendant cannot be heard to complain that the trial court did not pinpoint items aggregating $100 when a finding of $127.75 of unusual medical and drug expenses would have been warranted by the record.

The two principal points of attack made by defendant on the portion of the order which modified the judgment so as

to increase the support payments by $20 per month are: (1) There was no change of circumstances shown which would warrant modifying the support-payment provision of the judgment; and (2) there is no assurance that Barbara will attend summer camp next year or in any subsequent year until she reaches her majority while under the court's order defendant is required to continue payment of the $20 per month until she reaches age twenty-one.

Defendant points out that the original provision for payment of support money which was inserted in the judgment was grounded upon a stipulation of the parties. Therefore, it is urged that, in entering into the stipulation, the parties must have had in contemplation the matter of Barbara's going to summer camp. We do not consider that the trial court was bound to adopt such an assumption. Five years have passed since the original order. Barbara is now fifteen and one-half years old instead of ten. These are sufficient facts upon which to ground a determination of a change of circumstances.

The showing of a change of circumstances required in order to modify support-money or custody provisions of a divorce judgment is not jurisdictional but a rule of policy. Policy dictates that when a court has made a determination in this field on a certain state of facts it should be given the effect of *res judicata* so long as the factual situation has not materially changed. Cf. *Miner v. Miner* (1960), 10 Wis. (2d) 438, 441, 103 N. W. (2d) 4. This rule discourages the making of groundless requests for modification as well as the attempting to obtain a more-favorable ruling by bringing the petition before different judges. It also prevents a different judge new to the case from modifying the former judgment or order so as to substitute his own view of the matter. Since the welfare of the affected child, or children, is the primary objective to be considered, the

change-of-circumstances rule should not be so restrictively applied as to defeat this objective.

If Barbara fails to attend summer camp during any year in which defendant is required to pay the additional $20 per month for such purpose, his remedy is to apply to the circuit court for a further modification of the support-money payment provision of the judgment as now modified. Even if defendant does not discover such failure to attend camp until the lapse of some months, the circuit court would have the power to grant retroactive relief by reducing future support payments until the amount of any overpayments on defendant's part had been recouped.

The evidence established that defendant's gross earnings are $1,183.33 per month, and his net pay check after all deductions is $450.08 per month. However, included in the deductions is $427.68 per month for the purchase of American Telephone & Telegraph Company stock by defendant. Therefore, the requirement of paying $20 additional monthly will hardly impose undue hardship on defendant.

Upon this record we find no abuse of discretion by the trial court in ordering defendant to pay the additional $20 per month toward the annual expense of sending Barbara to summer camp. See *Kritzik v. Kritzik, supra,* at page 449, where we pointed out why sending a child to summer camp is likely to promote the child's best interests.

*By the Court.*—Order affirmed.