KLIPSTEIN, Respondent, v. KLIPSTEIN, Appellant.

*No. 246. Argued April 30, 1970.—Decided June 2, 1970.*
(Also reported in 177 N. W. 2d 57.)

For the appellant there was a brief and oral argument by *Eugene A. Kershek* of Milwaukee, attorney, and *Leonard W. Schulz* of Big Bend of counsel.

For the respondent there was a brief by *Kenney, Korf & Pfeil* of East Troy, and oral argument by *Francis J. Korf.*

HANLEY, J.  Two issues are presented on this appeal:

(1) Was there a sufficient change in the circumstances to warrant an increase in the amount of support payments to be made by the appellant; and

(2) Did the trial court abuse its discretion in requiring the appellant to pay $500 for respondent's attorney's fees on this appeal?

*Support payments.*

This court has established two tests for reviewing a trial court's modification of a divorce judgment. *Chandler v. Chandler* (1964), 25 Wis. 2d 587, 131 N. W. 2d 336. As stated in *Foregger v. Foregger* (1968), 40 Wis. 2d 632, 643, 162 N. W. 2d 553, 164 N. W. 2d 226:

". . . Where the modification rests entirely on a factual determination, the test is whether the determination is contrary to the great weight of the evidence. However, where the modification rests primarily on an exercise of discretion, the test is whether there was an abuse of discretion by the trial court."

As to whether the instant case involves sufficient change of circumstances to warrant increased support payments, the trial court was here faced with a factual determination.

Although the appellant concedes that what constitutes a change in circumstances sufficient to justify increased support payments varies from case to case, it is his contention that the instant case involves no such circumstances.

In support of this contention appellant draws this court's attention to the fact that the respondent is now earning approximately $320 per month while originally she was unemployed and receiving aid from the county. He also notes that the respondent has sold the residence granted her by the divorce and that in addition she now

owns her own automobile. As to his own position, appellant asserts that his income is substantially the same as that received at the time the divorce was granted and that his expenses have increased due to the necessity of traveling to Colorado to see his son. In short, it is the appellant's position that while the respondent's position in life has been enhanced since the granting of the divorce, his has remained substantially unaltered.

Among the factors urged upon this court for consideration by the respondent is the fact that it is simply more expensive to feed, clothe and maintain the child now that he is six, rather than two years of age.

In *Kritzik v. Kritzik* (1963), 21 Wis. 2d 442, 124 N. W. 2d 581, a mother, who had been awarded custody of the children, sought funds with which to send them to summer camp. This court was then called upon to determine whether circumstances had sufficiently changed so as to require an increase in support payments.

In answering this question, the court noted that the needs of children increase with age and stated at page 447:

". . . Growing old enough to present the need for summer camp is also a sufficient change in circumstances to justify a modification in the support if other prerequisites are met."

The court then recognized the husband's ability to pay as a second relevant factor relating to change in circumstances, but stated at pages 447 and 448:

". . . It is not necessary for the party seeking the change in the support payment to demonstrate that the husband's ability to pay has *substantially increased*. It is sufficient to demonstrate that the husband in his present economic position can absorb the increased expenditure. . . ." (Emphasis supplied.)

Later, in *Chandler v. Chandler, supra,* at page 592, this court again noted that the child had simply grown older

since support payments were originally established and stated: ". . . These are sufficient facts upon which to ground a determination of a change of circumstances."

In the instant case, the child has grown older and, in the opinion of the trial court, his needs have increased. The finding that a sufficient change of circumstances has occurred is thus not against the great weight of the evidence. Nor does it appear that the husband will be unable to absorb the increased expenditure of $10 per week. The weekly payment of $25 as support for a minor child is not unreasonable and will not impose undue hardship upon the appellant.

### Attorney's fees.

The appellant argues on his appeal that the trial court abused its discretion in ordering him to pay respondent's attorney's fees and costs of $500.

In *Greenlee v. Greenlee* (1964), 23 Wis. 2d 669, 677, 127 N. W. 2d 737, this court stated that:

"The allowance or disallowance of an application to require a defendant husband to pay a sum to cover attorneys' fees and disbursements of plaintiff wife in appealing from an order affecting custody or support of a minor child lies within the sound discretion of the trial court. . . ."

*See also: Bruun v. Bruun* (1958), 5 Wis. 2d 59, 92 N. W. 2d 213, and *Peck v. Peck* (1956), 272 Wis. 466, 76 N. W. 2d 316. More recently, in *Dees v. Dees* (1969), 41 Wis. 2d 435, 447, 164 N. W. 2d 282, this court indicated that the practice of requiring an ex-husband to contribute to the counsel fees incurred by an ex-wife developed in an era when most women were unemployed and unable to retain counsel to represent them. In *Dees, supra,* at page 447, it was further noted that:

". . . Even in such era and under such circumstances, the twin prerequisites for such court order for contribution were the need of the wife and the ability to pay of the husband. . . ."

If we were to limit our consideration of the issue of attorney's fees to the above stated prerequisites, we would be inclined to require the parties to assume their own appellate expenses. However, we think one of the considerations in making an allowance for expense upon appeal is whether reasonable ground exists to support a belief that the appeal will be successful.

Here we have no reason to question the good faith of the appeal; but counsel for the appellant must have realized that under the circumstances there was little chance of success.

The appellant initiated the original motion proceeding and then abandoned it. The respondent brought a countermotion for a nominal increase in support payments on behalf of the minor child of the parties.

We find no abuse of discretion on the part of the trial court in ordering a contribution of $500 toward respondent's attorney's fees and disbursements.

*By the Court.*—Orders affirmed. No costs are to be taxed in this court.