FOREGGER, Respondent, v. FOREGGER, Appellant.

*No. 196.   Argued October 7, 1970.—Decided November 3, 1970.*
(Also reported in 180 N. W. 2d 578.)

514

518

For the appellant there was a brief by *Ruppa & Wegner*, attorneys, and *Norman W. Wegner* of counsel, all of Milwaukee, and oral argument by *Nathan Ruppa*.

For the respondent there was a brief by *Ray T. McCann,* attorney, and *Leonard L. Loeb* of counsel, both of Milwaukee, and oral argument by *Mr. Loeb.*

BEILFUSS, J. The appeal and the notice to review raise five issues which we deem to be as follows:

1. Did the trial court err in entering the order canceling the insurance policy and creating the trust pursuant to sec. 247.30, Stats.?

2. Did the trial court abuse its discretion in increasing the child support?

3. Did the trial court err in refusing to order a return of part of the $1,500 deposited toward plaintiff-respondent's appellate fees on the previous appeal?

4. Did the trial court err in refusing to allow alimony to plaintiff-respondent?

5. Did the trial court err in refusing to allow plaintiff-respondent's claim for increased interest costs?

The defendant-husband's first argument is that the trial court erred in failing to follow this court's mandate on the previous appeal. He argued on that appeal that the court had abused its discretion by ordering the contempt penalty since his children were not prejudiced by the lapse of the insurance policy. This court squarely framed that issue in terms of whether or not there had been an abuse of discretion. *Foregger, supra,* (1968).

The defendant's contention now is that this court's decision in 1968 has the effect of res judicata on the terms of the penalty order and that the trial court now must accept the substituted insurance policy. We believe the defendant expands the effect of that mandate. It did not hold, as a matter of law, that he was entitled to receive his money when he procured the policy but rather established only that the trust created as a penalty was not an abuse of discretion. The prior holding of this court should be limited to the narrow question which is decided,

and that appellant should not be allowed to invoke it as "the law of the case" to deprive the trial court of the power to modify the provisions of the judgment granted in 1964 as to support and alimony upon an adequate showing of a change of circumstances.

However, it does appear that appellant's claim raises two questions which must be considered separately concerning the latest order of the trial court. First, did it err in modifying the 1964 judgment by eliminating the requirement that he keep the $100,000 policy in effect, and secondly, was this a "proper case" for it to create a trust as security for the performance of his obligations pursuant to sec. 247.30, Stats.

On this first question the court made its decision primarily on a factual basis, to wit, a significant change of circumstances. It found that when the divorce was granted appellant was responsible for the support and education of four minor children, but now only two of the children are minors. One of them will be twenty-one in 1971, and the other in 1976. The court found that the remaining two policies totaling $25,000 were sufficient for the protection of their support and education. Appellant does not dispute these findings and it seems difficult to see how he could since they operated entirely to his benefit. The findings adopted by the court are clearly supported by the evidence and the modification is not an abuse of discretion even though not specifically requested by either party; further, it is difficult to see that it is detrimental to the defendant in view of the substantial premiums called for by the policy.

The second question is whether the facts justified the creation of a trust pursuant to respondent's petition under sec. 247.30, Stats. Appellant was found in contempt for allowing the insurance lapse in February of 1967. Approximately two years passed before a substitute policy was obtained and then only after $27,000 of his money was withheld from him. He was also found in contempt

for failure to pay support and educational expenses of the children, and though given four weeks to purge himself of the contempt he failed to do so until he had served three days in the House of Correction. Even after the amount of his arrearage was reduced on the last appeal he apparently failed to pay it until the respondent-wife brought the order to show cause involved in this appeal.

If the trial court concluded from the past performance of the defendant that he could not be relied on to keep up on his obligations until some legal force was exerted on him, such a conclusion seems perfectly justified. In view of the lack of co-operation and the hostility shown by both parties throughout the history of this case, the court was justified in invoking any legally permitted reasonable measures which might promote performance of defendant's obligations and avoid repeated court appearances. We believe the trial court properly invoked the provisions of the statute.

Therefore, it appears that the separate acts of the trial court in modifying the original judgment as to the amount of the insurance policies to be maintained and in creating a trust as security for payment of his obligations are clearly supported by the evidence and do not constitute an abuse of discretion. The appellant should not be allowed to enlarge the mandate in the previous appeal to preclude the trial court's power to judicially respond to a material change of circumstances.

The original judgment in 1964 provided for payment of $500 per month support for the four minor children. The order of 1967 increased it to $150 per month for each of the two remaining minors. The order now challenged raised it to $250 per month for each of them. It should be noted, as plaintiff-wife points out, that the original judgment provided that the support was to be increased $100 if the home was sold to her, and presum-

ably one half of the increase here was pursuant to that order.

This court has repeatedly stressed the requirements for an increase in support payments.

"We have held that the party seeking to alter a divorce judgment carries the burden of persuasion as to whether such modification is justified by a material change in the circumstances of the parties. When the party who has custody of children under a divorce decree seeks additional aid from the court, it is reasonable to require her to demonstrate that the circumstances upon which the existing support payments were predicated have materially changed, thus justifying an increase in support payments. . . ." *Kritzik v. Kritzik* (1963), 21 Wis. 2d 442, 447, 124 N. W. 2d 581.

Sec. 247.25, Stats., permits a revision of the judgment concerning the care, custody, maintenance and education of the children as the circumstances of the parents and the benefit to the children shall require.

The doctrine of res judicata is not applied in its usual strictness because the rights of the children are involved. *King v. King* (1964), 25 Wis. 2d 550, 131 N. W. 2d 357. But policy dictates that once a determination in this area has been made on a certain state of facts it should be given the effect of res judicata so long as the factual situation has not materially changed. *Chandler v. Chandler* (1964), 25 Wis. 2d 587, 131 N. W. 2d 336.

In our opinion the record reveals a sufficient change in the circumstances to justify an increase in the support for the two children who are still minors.

In support of her claim for increased support money the wife has offered proof of an increased cost of living, both as to a rise in prices and additional items of expenditure. She is now responsible for the taxes, insurance and maintenance of the home, and the husband is relieved of these obligations. She also pays interest on the sums borrowed to pay the husband for his share. Another significant and material change is that the husband

has been relieved of some of his past financial obligations to his family and his personal income has increased substantially. There has been a significant and material change in the circumstances which justifies an increase of support money. Increasing the support $100 per month for each child under the changed circumstances of this case, while substantial, is not an abuse of judicial discretion.

Prior to the last appeal the trial court entered an order providing:

"It is further ordered:
"That the defendant forthwith tender through the clerk of the circuit court to plaintiff's counsel the sum of $1,500 toward appellate fees, which amount is to be itemized at the return or remittitur from the supreme court by plaintiff's counsel, and the defendant is to be reimbursed for any amounts over and above actual costs and reimbursements on appeal."

Defendant-husband moved for a return of a part of that sum and the trial court found:

"That the contribution of $1,500 toward the plaintiff-respondent's fees and disbursements in responding to the defendant's appeal to the supreme court in 1968, as previously ordered by Judge MOSER be and the same is hereby affirmed; and the defendant's motion for the plaintiff to return part of said $1,500 heretofore deposited pursuant to the order of Judge MOSER dated April 4, 1968 be and the same hereby is denied."

The total disbursements by respondent on that appeal were $1,276.26, and additional contribution was sought for $1,263.13 toward attorney's fees. Respondent contends that Judge MOSER's order was for a contribution toward actual attorney's fees and actual disbursements. The trial court agreed. Appellant contends that the order should be interpreted as requiring contribution only toward the actual disbursements and taxable costs as defined under sec. 251.23 (1), Stats., and that he is entitled

to the return of about $1,000, particularly since he was awarded one-half costs on that appeal.

Both of these interpretations seem questionable under the wording of the order. If, as appellant contends, it was to cover only taxable costs and disbursements, then why did the judge use the phrase *actual* costs and disbursements. But if, as respondent contends, it was to cover actual costs and disbursements and actual attorney's fees, then why was no mention made of attorney's fees, and why did it provide that appellant should be reimbursed for any amounts over and above the actual costs and disbursements. Certainly it was anticipated that the costs and disbursements plus attorney's fees would exceed $1,500.

In *Leach v. Leach* (1954), 266 Wis. 223, 229, 63 N. W. 2d 73, this court said:

"We consider that if an order in fact makes an allowance the court should be able to tell from the order itself what the allowance is. When we look at the order in question we find that it allows respondent nothing. The real allowance is left for determination later which, in our interpretation of the rule, is too late."

The respondent has itemized her disbursements on the previous appeal as follows:

| "Transcripts | $ 14.40 |
| Xerox copies | 3.00 |
| Marcan service of process for temp. order pending appeal | 5.00 |
| Attorney Ruppa, costs | 25.00 |
| Sullivan Delivery | 12.75 |
| U. S. Law Printing Company | 1,116.35 |
| Postage for appeal | 1.40 |
| Xerox copies of brief | 54.40 |
| Toll call to printer | 1.06 |
| U. S. Law Printing, motion for rehearing | 38.85 |
| Xerox copies | 3.00 |
| Toll call | .55 |
| Xerox copies | .50 |

"Total disbursements in connection with appeal $1,276.26"

The husband has specifically challenged three items:
Attorney Ruppa's costs, $25; U. S. Law Printing Company, $1,116.35; and U. S. Law Printing Company, printing motion for rehearing, $38.85. Sec. 251.23, Stats., limits taxable costs for the printing of the brief and appendix to $450; however, Judge MOSER'S order does not provide for taxable costs but actual costs. The appellant-husband does not contend that the printing charge of $1,116.35 was not made nor paid; nor does he contend that part of the brief and appendix was unnecessary or the charge unreasonable. The claims of $1,116.35 and $38.85 for printing were actual costs and because this is a divorce action with different considerations, and because of the order of the trial court pursuant to sec. 251.72, we are of the opinion they were properly allowed as actual costs and disbursements. The $25 attorney's fee previously awarded to Mr. Ruppa upon a previous motion did not deal with the appeal and should be disallowed. Likewise the balance of the $1,500 allowed as attorney's fees should be disallowed for the reason they were not provided for in Judge MOSER'S original order.

The order appealed from herein is to be amended to allow the respondent-wife her actual costs and disbursements (in the 1968 appeal) in the amount of $1,251.26, and the balance of the $1,500 ($248.74) repaid to the appellant-husband.

On her notice of review respondent argues that the trial court erred in denying her claim for $3,596.40 for increased interest payments. She alleges that when the trial court ordered the sale of the home in 1967 she obtained a mortgage commitment at six and one-quarter percent. However, the sale did not take place until April of 1969, and the best interest rate which she could obtain then was seven percent. The reason for the delay was that appellant had tendered a deed to the clerk of court in June of 1967, but on the condition that it be held pending the previous appeal in which he challenged the order

requiring him to pay taxes and insurance on the property after May 28, 1966. However, the problems with the real estate reach back prior to 1967, and the failure to complete a sale does not rest entirely on the appellant.

The judgment of divorce ordered that the property be sold within two years from May 28, 1964. In March of 1966, appellant's attorneys advised respondent and her attorney that they had a buyer for the property, and requested an appointment to have the purchaser inspect the home. Respondent never acknowledged the request. In May of 1966, appellant brought an order to show cause to compel respondent to enter a listing contract. Respondent countered with an order to show cause on other grounds. In September of 1966, appellant again brought an order to show cause to attempt to force a sale. Respondent again countered with an order to show cause on other grounds. In December of 1966, appellant commenced a partition action in a further attempt to compel a sale. After numerous hearings before the court and the family court commissioner an order was finally entered in February of 1967 providing for the terms of the sale. Appellant then tendered the deed to be held pending his appeal from the provisions of that order. *See Foregger, supra* (1968).

Respondent now contends that it is only "just and equitable" to allow her the additional interest costs since appellant had the deed held by the clerk of court pending the appeal and the sale was not completed until April of 1969.

We agree with the trial court; respondent did not have an equitable claim to the costs. The sale could have been completed at a much earlier date if it had not been for her failure to cooperate, and she did have the benefit of living in the home until April of 1969, with appellant paying all real estate taxes, insurance and maintenance costs. The failure to complete the sale until 1969 was

the result of a constant lack of co-operation by one or the other of the parties. Under these facts neither of them has established an equitable monetary claim resulting from the delay.

The respondent-wife asked for alimony pursuant to the original judgment which provided that alimony was to be increased $100 when the house was sold, and for an increase in that amount because of changed circumstances. The court denied her present claim for alimony but held open the question of permanent alimony. She seeks a review of that ruling.

Her annual income is $14,000 from her employment, plus some "fringe" benefits and about $1,500 interest or dividends from securities. The estimated budget which she submitted based on Bureau of Labor statistics indicates that it costs her approximately $16,351.44 annually to maintain herself and her two sons who are both over twenty-one. If she had computed a budget for her own needs it would obviously be well within her annual income of $15,500. There is not sufficient evidence to show that her standard of living has been reduced, or that she has to invade the corpus of her estate for current living expenses.

Her argument by counsel also makes reference to appellant's "outrageous conduct," which was the basis of the divorce, and the fact that he earns almost three times as much as she does. Neither argument has any substantial effect here. It must be pointed out that she has an independent estate of her own by virtue of the property division ordered in the original judgment and that she now has substantial earnings from her employment. If the record revealed that she was economically deprived or required to live under a lesser standard than she did when she was living with her husband, the arguments she makes could be the basis for an award but they cannot be justification of punishment by imposi-

tion of alimony. *Tonjes v. Tonjes* (1964), 24 Wis. 2d 120, 128 N. W. 2d 446.

Contrary to respondent's argument, we believe it would have been an abuse of discretion if the court had reinstated alimony. *Stowe v. Stowe* (1966), 30 Wis. 2d 565, 141 N. W. 2d 228.

*By the Court.*—Order modified and, as modified, affirmed. No costs to either party.

ROBERT W. HANSEN, J., took no part.