THIES (formerly MacDonald), Appellant, v. MACDONALD, Respondent.

*No. 35. Argued May 3, 1971.—Decided June 2, 1971.*
(Also reported in 187 N. W. 2d 186.)

---
[4] *Id.*

For the appellant there was a brief by *Bollenbeck, Patterson, Froehlich, Jensen & Wylie* of Appleton, and oral argument by *Edward R. Bollenbeck.*

For the respondent there was a brief by *Jerome H. Block,* attorney, and *F. David Krizenesky* of counsel, both of Appleton, and oral argument by *Mr. Krizenesky.*

BEILFUSS, J.   The issues in this case are:

(1) Was there a sufficient change in circumstances to warrant a reduction in the amount of support money payments?

(2) Was it an abuse of discretion to deny the plaintiff-appellant's motion for attorney's fees and costs incurred in opposing the respondent's motion for a modification of the judgment?

The plaintiff-appellant concedes that her right to alimony ceased upon her marriage to her present husband.[1] She does maintain that there have been no material changes in circumstances so as to justify a reduction in the support money payments for the minor children.

It is the contention of the plaintiff-appellant that because of the stipulation of the parties the judgment as to support money should not be changed in the absence of any material change in the financial circumstances of the defendant.

The rule is of almost universal application that courts may modify the provisions of a judgment of divorce relating to alimony and support money only when there has been a substantial or material change in the circumstances of the parties or the children. *Miner v. Miner* (1960), 10 Wis. 2d 438, 443, 103 N. W. 2d 4; *Bruun v. Bruun* (1958), 5 Wis. 2d 59, 92 N. W. 2d 213; 2A Nelson, *Divorce and Annulment* (2d ed.), p. 2 *et seq.*, sec. 17.01 *et seq.;* sec. 247.23, Stats. This court has repeatedly stressed that the party seeking to alter the provisions of the judgment, in this case the respondent, carries the burden of proof as to whether such a modification is justified. It is reasonable to require the party seeking the change to demonstrate that the circumstances upon which the existing payments were predicated have materially changed. *Foregger v. Foregger* (1970), 48 Wis. 2d 512, 522, 180 N. W. 2d 578; *Kritzik v. Kritzik* (1963), 21 Wis. 2d 442, 447, 124 N. W. 2d 581. This is particularly true where the provisions relating to payments were not determined solely by the court, but were initially arrived at and stipulated to by the parties themselves. *Miner v. Miner, supra; Bruun v. Bruun, supra.* Though the doctrine of res judicata is not applied in its usual strictness when the question involves custody or

---

[1] Sec. 247.38, Stats., and *Martin v. Martin* (1970), 46 Wis. 2d 218, 174 N. W. 2d 468.

support because the interests of children are involved, *King v. King* (1964), 25 Wis. 2d 550, 131 N. W. 2d 357, policy still dictates that a decision made on a certain state of facts be given the effect of res judicata so long as that factual situation has not materially changed.[2] *Chandler v. Chandler* (1964), 25 Wis. 2d 587, 131 N. W. 2d 336.

The court's power to modify the provisions of the judgment of divorce is not the power to grant a new trial or to re-try the issues determined by the original hearing, but only to adapt the decree to some distinct and definite change in the financial circumstances of the parties or children. Here the court modified the judgment to reduce the amount of the support money payments. To justify such a modification the respondent must have shown, and the court found, either that the respondent's ability to continue making the original payments had diminished or that the children's needs had diminished.

With respect to the first ground, the trial court specifically found that the respondent's ability to pay had not changed. Throughout the hearing on this motion the court stated that it felt that the respondent was easily able to pay $400 per month and that it would not consider the fact that he had remarried. In its written opinion the court stated:

"In this case there is no cause for inquiring into the financial circumstances of the defendant because his income is easily adequate to pay the amount of support money which is appropriate under all of the circumstances."

Therefore this modification cannot be sustained on the basis of a finding of a change in respondent's ability to pay.

With respect to the second ground, the needs of the children, respondent presented no evidence to show that their needs had decreased. The appellant presented

[2] We do not here consider mistake or hardship.

testimony indicating that their needs had at least remained the same, if not, in fact, increased.

The only material change in circumstances was the fact that the appellant wife had remarried in August of 1969.

The weight of authority is that the remarriage of the wife is not in and of itself a sufficient basis for reducing or terminating the provision for support of the children, as distinguished from alimony, by her former husband. Rather, the remarriage is but one factor which may be considered along with others to determine whether a modification is justified. *Remarriage of parent as basis for modification of amount of child support provisions of divorce decree,* Annot. 89 A. L. R. 2d 132–139, secs. 11–13, and cases cited therein; 24 Am. Jur. 2d, *Divorce and Separation,* p. 963, sec. 849; 2A Nelson, *Divorce and Annulment* (2d ed.), p. 58, sec. 17.11. The most common circumstances under which a modification has been allowed upon the wife's remarriage is a showing that the former husband is now less able to pay, coupled with a showing that the wife's remarriage has substantially improved her financial condition, that her second husband is able and willing to support her children, or that she has retained substantial property granted to her under the divorce.

The court in this case made no finding that the appellant's financial position had substantially changed but simply undertook to lower the support payments to what it thought was reasonable. Though her financial condition was admittedly improved by her remarriage, it does not appear from the record that the change was that substantial.

This court has established two tests for reviewing a trial court's modification of a divorce judgment. Where the modification rests entirely on a factual determination the test is whether that determination is contrary to the great weight of the evidence. Where the modification rests primarily on an exercise of discretion the test is

whether there was an abuse of discretion by the trial court. *Foregger v. Foregger, supra,* page 643. In this case we first determine whether there was a sufficient change of circumstances to justify the reduction and then whether the amount of the reduction was an abuse of discretion. *Klipstein v. Klipstein* (1970), 47 Wis. 2d 314, 317, 177 N. W. 2d 57.

The appellant's marriage to her present husband did constitute a change of her financial circumstances. Her new husband is required to provide her food, shelter and otherwise support her. This, of course, warrants the amendment of the judgment to delete alimony.

Insofar as the children of the parties are concerned, the only financial change revealed by the record is that the appellant presumably does not pay apartment rent for them. In the absence of a showing that respondent's ability to pay support money has decreased, we do not deem the change of circumstances of the children sufficient to justify the substantial reduction ordered by the court and conclude that the court abused its legal discretion in that regard. The original written stipulation provided for $75 per week for the minor children. It was only after plaintiff-appellant and the children moved to an apartment and were required to pay rent that the parties orally stipulated to an increase. The appellant no longer has this added burden and we believe the original amount of $75 should be reinstated. The order appealed from should be modified to provide that as of the date of the appellant's remarriage, August 22, 1969, the defendant-respondent shall be relieved of any further alimony payments and that he shall be required to make weekly payments of $75 for the support of the minor children.

The appellant argues that the trial court abused its discretion in denying her motion for attorney's fees and costs incurred in opposing the respondent's motion for a modification of the judgment of divorce. The question

of whether a former husband should be required to pay for his former wife's attorney is clearly a matter within the discretion of the trial court. *Dees v. Dees* (1969), 41 Wis. 2d 435, 164 N. W. 2d 282. In *Dees*, the court stated at page 447:

". . . This practice of compelling the husband to contribute to the wife's counsel fees developed in the era when few women were employed or otherwise able to retain counsel to represent them in family law cases. Unless the husband was ordered to pay at least part of their legal expenses, they were effectively denied the assistance of counsel. Even in such era and under such circumstances, the twin prerequisites for such court order for contribution were the need of the wife and the ability to pay of the husband. The trial court possessed and still possesses wide discretion in applying such tests."

Though it may be inferred from the court's comments here that the respondent would have been able to pay any costs and fees, there is not a sufficient showing of any need on the part of the appellant. The appellant has remarried and it would appear that she is able to pay her attorney's fees. *King v. King, supra.* The court noted in *Dees, supra,* at pages 447, 448: ". . . Where the interlocutory period has expired and the status of husband and wife has legally and literally ended, it would appear that a strong showing indeed must be made to justify requiring the former husband to pay two attorneys, his own and his ex-wife's."

Even though the instant proceedings were initiated by the respondent, we find no abuse of discretion on the part of the trial court in denying the appellant's motion for attorney's fees and costs.

*By the Court.*—Order modified consistent with the opinion and, as modified, affirmed. Appellant allowed ordinary appeal costs.