SEVERSON, Respondent, v. SEVERSON, Appellant.

*No. 538 (1974). Submitted on briefs December 2, 1975.—Decided February 10, 1976.*
(Also reported in 238 N. W. 2d 116.)

---

[7] *State ex rel. Fourth Nat. Bank v. Johnson, supra.*

For the appellant there were briefs by *DeWitt, McAndrews & Porter, S. C.* of Madison.

For the respondent there was a brief by *Lawton & Cates* of Madison.

ROBERT W. HANSEN, J.   The challenge on appeal is to changes subsequently made as to child support payments ordered in a judgment of divorce. Since, on appellate review, we are to apply the law of the state to the facts in the record, we look first to the law and then to the facts.

*Rule of law.* In this state a trial court has the power to make reasonable provisions concerning the care, custody, maintenance and education of the minor children of the parties involved in a divorce.[1] Thereafter the trial court may modify such provisions in a judgment of divorce relating to child support, but only when there has been a substantial or material change in the circumstances of the children.[2] Without a change of circumstances, the court is without power to change the provisions for child support.[3] The judgment entered on a certain state of facts is thus given the effect of *res adjudicata* so long as that factual situation has not materially changed.[4] The party seeking to alter the terms of the judgment as to child support has the burden of proof as to whether modification is warranted by a change of circumstances.[5] While the court considering modification has a broad area of discretion as to whether the circumstances of the

[1] *Krause v. Krause* (1973), 58 Wis. 2d 499, 508, 206 N. W. 2d 589, citing *Block v. Block* (1961), 15 Wis. 2d 291, 295, 112 N. W. 2d 923.

[2] *Id.* at page 508. *See also: Miner v. Miner* (1960), 10 Wis. 2d 438, 442, 103 N. W. 2d 4.

[3] *Id.* at page 508. *See also: Thies v. MacDonald* (1971), 51 Wis. 2d 296, 301, 187 N. W. 2d 186.

[4] *Thies v. MacDonald, supra,* footnote 3, at page 302. *See also: Chandler v. Chandler* (1964), 25 Wis. 2d 587, 131 N. W. 2d 336.

[5] *Id.* at page 301. *See also: Foregger v. Foregger* (1970), 48 Wis. 2d 512, 522, 180 N. W. 2d 578; *Kritzik v. Kritzik* (1963), 21 Wis. 2d 442, 447, 124 N. W. 2d 581.

parties or the needs and welfare of the children have changed, any modification or revision, in the absence of a material change in the premises on which the original determination was made, constitutes an abuse of discretion.[6] The court's power to modify is not the power to grant a new trial or to retry the issues determined in the original judgment, but ". . . only to adapt the decree to some distinct and definite change in the financial circumstances of the parties or children."[7]

*Change of circumstances.* In the case before us, the successor judge, not the judge who tried the divorce case, did not find a change of circumstances. In fact, as to the motion of the plaintiff for an increase in child-support payments, the court's finding was that the plaintiff and moving party had failed to establish a substantial or material change in circumstances. Review of the record, including comparison of income of the defendant at time of trial with income at time of hearing on the modification motion, supports completely such finding of a failure to establish a substantial change of circumstances. Nonetheless, the court did modify the divorce judgment as to child-support payments by (1) increasing child-support payments, and (2) striking a clause providing for a 20 percent automatic reduction when a child reached the age of majority, died or became legally emancipated.

*Automatic reduction clause.* In modifying the divorce judgment, the court struck the 20 percent reduction clause, finding it to be against public policy and not in the best interests of the children. Without a change in circumstances of parties or children, this constitutes a

[6] *Id.* at page 304, citing *Foregger v. Foregger* (1968), 40 Wis. 2d 632, 643, 162 N. W. 2d 553, 164 N. W. 2d 226; and *Klipstein v. Klipstein* (1970), 47 Wis. 2d 314, 317, 177 N. W. 2d 57. *See also: Romanowski v. Romanowski* (1944), 245 Wis. 199, 14 N. W. 2d 23.

[7] *Id.* at page 302. *See also: Chandler v. Chandler, supra,* footnote 4, at page 592.

retrying of an issue decided in the original trial and is barred by the "change of circumstances" requirement as a condition precedent to modification. Going further and to the merits, we would hold such provision not to be contrary to public policy, particularly not where it was recommended to the trial court in a stipulation of the divorcing parties. Here the parties stipulated and the trial court ordered that the child support payments be made for each of the five children, with the parent obligated to make such individual payments entitled to cease making the payments for a particular child when that child became of age, died or was emancipated. The plaintiff's contention is that, when one child leaves the home or is no longer awarded support payments, the cost of supporting the remaining children is not reduced, at least not by the 20 percent lost when such child is emancipated or attains majority. Plaintiff submitted budgets drawn up by her as to her needs and the family's needs to buttress this contention. But commingling of moneys required for her support with support for the children is not appropriate, for it confuses support for the divorced spouse with support for the children. Alimony for a divorced wife cannot be secured under an order only for support of the children.[8] As to child support only, comparing the budgets for child support at the time of the hearing with budgets for such support at the time of the trial, we agree with the trial court holding that the plaintiff did not here meet her burden of proof in establishing a significant and material change in the circumstances present.

*Consent of defendant.* Particularly as to the increase in child-support payments ordered, the court here found that the defendant consented to such increase, having indicated in open court a willingness to increase his obli-

[8] *See: Farwell v. Farwell* (1967), 33 Wis. 2d 324, 330, 147 N. W. 2d 289, holding: "Alimony cannot be awarded to the wife in the guise of child support." (Citing *Brenger v. Brenger* (1910), 142 Wis. 26, 32, 125 N. W. 109.)

gation upon certain conditions. Such consent, while not broadening the authority of a court to modify a preexisting judgment, could create an estoppel against claiming error as to an increase in payments which a litigant invited and to which he assented. However, we do not find in this record such consent or unconditional assent that would lead us to consider whether estoppel here applies.

At the hearing on modification of child-support payments, in response to a series of questions, the defendant did state he would agree to an increase in the current amount of support "under certain conditions." The condition was that he be able "to stop paying thousands of dollars to attorneys" and to "end it and make it final." He was told, "Maybe it isn't possible, sir, but that's what you would like," and was asked, "What else would you like?" The defendant answered that he would also like "to have some peace of mind," but added, "I am not going to be intimidated into giving her more because the more I gave her, the worse it gets. I gave her more than my net worth to start with." Asked by his ex-wife's attorney if he would agree to an extra $150 now and then an increase of another $50 two years from now, he answered that he would but that, "If I went up in salary, she would get more; if I went down, she would get less if you want to do it that way." The colloquy continued with the ex-wife's attorney asking, "So, you're willing to negotiate this thing then, this increase in support?" and the defendant answered that he was. Asked by counsel, "Then why hasn't it been done?" the defendant answered, "You didn't tell me."

We find in this record three reasons for holding this defendant not precluded by answers given to questions asked from challenging the increase in child support payments as being beyond the power of the court to make. They are: (1) His agreement to make increased payments for child support was conditioned on an assurance that the matter would be finalized and preclude any

future judicial consideration or modifications being sought by the ex-wife. The wife did not agree to meet such condition, and, if she had, concern for the welfare of the children would have precluded the court's accepting and implementing such condition. Even if both parties here had agreed to it, the condition stated could not be met or provided. (2) The colloquy as to specific increases concluded with the ex-wife's attorney stating and defendant agreeing that he was "willing to negotiate this thing then." Negotiations could lead to a stipulation of the parties, but willingness to negotiate here was not an agreement to the court's ordering a $200 per month increase in payments to be made. (3) The claim of some unconditional consent to a court-ordered increase in child support payments collides with the defendant's statement during the colloquy that, "I am not going to be intimidated into giving her more because the more I gave her, the worse it gets." With the "consent" claimed conditional at least, and the condition one that could not be met, we hold that this defendant's testimony, above summarized, does not constitute a basis for barring him from claiming error in the order entered modifying the divorce judgment.

*Voluntary contributions.* It is clear from this record that this noncustodian father made contributions to the support of his ex-wife and of his five children above and beyond the monthly payments that he was ordered and obliged to make under the judgment of divorce. Such payments were not made on a regular basis but, for the period of time between entry of the divorce judgment and the hearing on the motion for modification, it appears that such voluntary and additional contributions amounted to over $250 per month. Many of these additional contributions were made for special or nonrecurring expenses on behalf of the children. Some were made for expenses of his ex-wife. In the fact of such voluntary,

supplementary contributions, the court here found an additional basis for modifying the support provisions of the judgment. However, even if such additional donations had been made to and for the children only, and not in any amount for the ex-wife, we do not see them as establishing a change of circumstances from the time of trial to the time of hearing. Additionally, voluntary contributions by a father, in addition to court-ordered payments, do not constitute consent on his part to an increase in obligatory payments to be made by him. Such holding would have a chilling effect on any such additional nonrequired contributions being voluntarily made. Such a holding would serve neither the best interest of the children nor any sound public policy that comes to mind. The commendable willingness of this father to make unrequired and additional contributions to the well-being of his former wife and children does not establish either a change of circumstances or a willingness on his part to be compelled to continue such volunteered contributions.

*Tax obligations.* Finally, the plaintiff, attacking the trial court finding of no change in circumstances, herself contends that her federal and state income tax obligations on all moneys she receives from the defendant has caused a substantial and material change of circumstances since the entry of the divorce judgment. The record reveals that the plaintiff is paying income tax on both the property settlement award and the child-support payments she received under the divorce judgment. She reports both as alimony, thus incurring a tax liability of approximately $600 a year. At the modification hearing, plaintiff testified that two of her former attorneys advised her that she would not have to pay income tax on the awards under the judgment, but that her present attorney has informed her that she did. The awards under the divorce judgment follow the stipu-

lation of the parties. Without going into the question of tax liability of the plaintiff under the divorce judgment, we note that, at an earlier court hearing, on an earlier motion for modification of the divorce judgment, the plaintiff claimed both surprise and mistake as to the provisions of the stipulation suggested to the trial court, and the court found, at such earlier hearing, that the plaintiff fully understood the terms of the stipulation. With such earlier effort to modify the judgment on the ground of mistake or surprise rejected, we find no basis for now finding a change of circumstances established by the tax consequences of the awards to plaintiff made in the divorce judgment. We affirm the trial court holding that the plaintiff has, on this and other claims made, failed to meet her burden of proof as to a change of circumstances having here taken place between the date of entry of judgment and the date of the latest hearing on modification of such judgment. The result is a modification of the amended judgment, with the two parts of the amended judgment challenged on this appeal being reversed. No costs are awarded to either party on this appeal.

*By the Court.*—That part of the amended judgment which increased child support payments from $440 to $640 per month and which deleted the 20 percent automatic reduction clause is reversed and stricken, and the amended judgment, as thus modified, is affirmed. No costs to either party.