Janice K. YOUNG, Plaintiff-Appellant,

v.

Alan D. YOUNG, Defendant-Respondent.

Court of Appeals

*No. 83–2395. Submitted on briefs February 25, 1985.—
Decided April 18, 1985.*
(Also reported in 369 N.W.2d 178.)

308

For the plaintiff-appellant the cause was submitted on the brief of *Robert E. McDonald* and *McDonald & Petersen* of Stevens Point.

For the defendant-respondent the cause was submitted on the brief of *David G. Shafton* of Stevens Point.

Before Gartzke, P.J., Dykman, J. and Rudolph T. Randa, Reserve Judge.

DYKMAN, J.   Janice Young appeals an order of the circuit court denying her motion to find Alan Young in contempt of court for failing to make maintenance payments required by their divorce judgment.[1]

Janice contends the trial court abused its discretion when it (1) allowed Alan to credit a payment he made on a Mastercharge bill against maintenance arrearages; (2) allowed him to credit one-half his payment of capital gains tax on the sale of the parties' home against maintenance arrearages; (3) denied Janice an increase in child support and suspended future payments for the month of July each year; (4) "sanctioned" Alan's "self-help" action of withholding maintenance payments to Janice; (5) allowed Alan to credit $1,000 of his maintenance payments in 1977 against maintenance arrearages; and (6) ordered Alan to pay only part of Janice's transportation costs to attend the motion hearing. We do not address all issues presented because some were not raised in the trial court or were raised but not argued on appeal, or were unsubstantiated by legal authority.   In the issues we address, we affirm the trial court's order because the trial court did not abuse its discretion.

### Facts

Janice and Alan Young were divorced in Portage county, Wisconsin in 1976. The divorce was pursuant to a stipulation which gave custody of the parties'

---

[1] Janice brought an order to show cause. The trial court treated it as a motion and denied it.

children to Janice, and required Alan to pay child support and maintenance, each set at 12½% of Alan's net pay. Janice was to inform Alan of any substantial change in her economic circumstances. The stipulation equally divided the proceeds from the sale of the parties' home. It also required Alan to pay $495.00 plus interest toward the Wisconsin Mastercharge obligation of the parties. Janice was to pay the balance of the debt.

Janice brought this contempt proceeding against Alan because he had not made maintenance payments. She also asked for an increase in child support, for Alan to pay transportation costs for his visitation with their remaining minor child, and for her transportation costs to Wisconsin to attend the hearing. The parties agreed that as of October 1983, the maintenance arrearages were $5,646.00.

Alan filed a motion to credit his maintenance arrearages with payments he made on two of the parties' jointly incurred debts.

*Standard of Review*

In *Thies v. MacDonald,* 51 Wis. 2d 296, 303–04, 187 N.W.2d 186, 190 (1971), the court said:

This court has established two tests for reviewing a trial court's modification of a divorce settlement. Where the modification rests entirely on a factual determination the test is whether that determination is contrary to the great weight of the evidence. Where the modification rests primarily on an exercise of discretion the test is whether there was an abuse of discretion by the trial court.

We will uphold the trial court's findings of fact unless they are clearly erroneous. Sec. 805.17(2), Stats. *Noll v. Dimiceli's, Inc.,* 115 Wis. 2d 641, 643, 340 N.W.2d

575, 577 (Ct. App. 1983). While the "clearly erroneous" test is now used as the standard of review for findings of fact without a jury, cases applying the "great weight and clear preponderance" test may also be used to explain this standard of review "because the two tests in this state are essentially the same." *Id.*

### Credit of Alan's Mastercharge Payment

Janice testified that at the time of the divorce, she paid what she understod was half of the parties' jointly incurred Mastercharge bill. Alan testified that he paid Mastercharge the $495.00 plus interest ordered by the divorce judgment.[2] This payment, however, did not pay the bill in full and he was sued by Mastercharge. He testified that he paid "an additional $410 and odd cents." The trial court ordered $410.48 credited against maintenance arrearages. Janice argues that requiring a credit against the arrearages is "unfair, unjustified and a clear abuse of discretion" because she testified that she called Mastercharge shortly after the divorce and was told that the balance of the account was $154.00, which she paid.

Janice cites no legal authority in support of her position. Her argument is a request that this court retry the case and believe her rather than Alan. An appellate court will not retry a case. *Maclin v. State,* 92 Wis. 2d 323, 332, 284 N.W.2d 661, 665 (1979). We are prohibited by Wis. Const. art. VII, sec. 5(3) from making factual determinations. *Wurtz v. Fleischman,* 97 Wis. 2d 100, 107 n. 3, 293 N.W.2d 155, 159 (1980). Where the

---

[2] The parties' divorce judgment provided: "The defendant shall pay the sum of $495.00 plus proportionate interest toward the Master Charge obligation of the parties; the plaintiff shall pay the remainder of such bill, each party holding the other harmless for his or her half."

trial court acts as the fact finder, as it did in this case, and where there is a conflict in testimony, the trial court is the "ultimate arbiter of the credibility of the witnesses." *Cogswell v. Robertshaw Controls Co.*, 87 Wis. 2d 243, 250, 274 N.W.2d 647, 650 (1979). Janice's argument that the Mastercharge credit is "unfair" and "unjustified" is not appellate argument. She does not explain how the payment is a "clear abuse of discretion." *See Bahr v. Bahr*, 107 Wis. 2d 72, 78, 318 N.W.2d 391, 395 (1982) and *Hartung v. Hartung*, 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20 (1981), for analyses of discretion in divorce cases.

In *State v. Shaffer*, 96 Wis. 2d 531, 545–46, 292 N.W.2d 370, 378 (Ct. App. 1980), we said we would refuse to consider an argument without legal authority specifically supporting the relevant propositions. Following *Shaffer*, we end our consideration of Janice's first argument here.

*Credit of Alan's Capital Gains Tax Payment*

Alan testified that after the sale of their house, his income taxes were audited and he was forced to pay capital gains tax of $1,591.78 on the sale. Janice testified that in 1976 she treated her portion of the real estate sale as income, although she paid no tax that year because her income was so low. The trial court reasoned that because the parties' divorce judgment provided for an equal property division, and because the capital gains tax was an obligation of both parties, and Alan was forced to pay it, Alan should be credited with $759.89, half the amount of the capital gains tax.

Janice complains that the trial court erred by finding that she "had no tax liability in any case." The trial court's finding merely reflects her testimony that she

paid no income taxes for 1976. She provides no authority for her other assertions. Again, we follow *Shaffer, supra.*

### Denial of Increase in Child Support

Janice contends that the trial court should have granted an increase in child support because the cost of providing for their 15-year-old son was considerable, and was aggravated by the higher cost of living in California. She relies upon *Klipstein v. Klipstein,* 47 Wis. 2d 314, 177 N.W.2d 57 (1970) whch held that since the cost of child care increases as the child grows older, an increase in child support is justified as the child grows older, if the supporting parent can pay it.

Alan testified that because the divorce judgment required 12½% of his net income as child support, his 1983 child support payment of $198.00 per month was more than double the $89.00 per month he paid at the time of the divorce. He submitted a schedule of his income and expenses which showed that after paying child support, his expenses exceeded his income by $99.00 per month.

The court found that because the rise in the cost of living had exceeded Alan's increases in salary, he was not able to pay an increased amount of support. It also found that Janice's need for child support was not as great as it had been in the past, since only one of their three children was still a minor and living with her. The court denied Janice's request for an increase.

*Klipstein* holds that a trial court *may* grant an increase in child support because children have grown older, not that a trial court *must* do so. Whether a noncustodial parent's ability to pay child support has changed is a quetion of fact. *Sommer v. Sommer,* 108 Wis. 2d 586, 591, 323 N.W.2d 144, 147 (Ct. App. 1982).

Janice is asking us to retry her case and find the facts differently than did the trial court because she argues "[i]n the present case it is not disputed that alimony should now terminate so that the defendant should have no problem making increased support payments." An argument of this sort can never succeed on appeal because an appellate court is constitutionally prohibited from finding facts. *Wurtz, supra* at 107, 293 N.W.2d at 159. We are limited to reviewing facts found by a trial court to determine whether they are clearly erroneous. Here, the facts are supported by the evidence of Alan's inability to pay increased support and Janice's lessened need. We have reached the limits of appellate review.

■

Janice contends that the trial court's suspension of July child support payments constitutes a reduction in support. She concludes that because Alan did not request a support reduction, the trial court's action is an abuse of discretion.[3]

Section 767.32 (1), Stats., empowers the court to alter the child support upon petition by either party. Janice petitioned the trial court for a revision of support. The court's decision to require support for eleven months each year, though not to Janice's liking, was the court's response to her petition. The trial court did not err.

■

Janice also argues that the trial court's decision to suspend support for one month each year ignores sec. 767.25 (3), Stats., which requires child support payments to be made even when the custodial parent violates the supporting parent's visitation rights. The trial court ordered Alan to pay child support for eleven months

---

[3] Janice uses an incorrect standard of review. The application of a statute to a particular set of facts is a question of law which we review *de novo*. *Midwest Developers v. Goma Corp.*, 121 Wis. 2d 632, 651, 360 N.W.2d 554, 564 (Ct. App. 1984).

each year. The order is not conditioned on visitation. Janice's contention that the trial court's order violated sec. 767.25(3) is incorrect.

### Credit of $1,000 Against Alan's 1977 Maintenance Payments

Janice argues that the $1,000 credit to Alan against maintenance paid in 1977 is unfair and unreasonable because the payments were made over six years ago. She does not explain why the time period is significant. We assume the reference is to an argument Janice made in a petition for reconsideration filed in the trial court. She asked the court to modify its decision and withdraw the grant of $1,000 credit it made against Alan's maintenance arrearages on grounds that had he brought action to demand a refund his action would be barred by a six-year statute of limitations.

Janice cites no authority that a statute of limitations applies to ongoing maintenance payments. Her claim of error is supported by nothing more than her assertion. Labeling a decision error does not make it so. *See State v. Schlise*, 86 Wis. 2d 26, 29, 271 N.W.2d 619, 620 (1978) (labeling an alleged procedural error as a constitutional want of due process does not make it so).

Had the legislature intended a six-year limitation on revision of family court judgments, sec. 767.32, Stats., would reflect that intent. Section 767.32(1), governing judgment revisions, permits a trial court to "revise and alter such judgment respecting the amount of such maintenance or child support and the payment thereof. . ." and to "make any judgment respecting any of the matters which such court might have made in the original action. . . ." We conclude no six year limitation applies to maintenance revisions under sec. 767.32.

Janice also contends that Alan waived his right to credit for maintenance paid in 1977 because he knew that she was working then but took no action to reduce his maintenance payments. She contends a defense of laches is raised by the same facts.

The party alleging error has the burden of establishing, by reference to the record, that the error was raised before the trial court. *Allen v. Allen,* 78 Wis. 2d 263, 270, 254 N.W.2d 244, 248 (1977). Janice's pleadings do not mention waiver or laches. She did not require the court reporter to record her final argument as she was entitled to do under SCR 71.01(3). An appellate court will generally not review an issue which is raised for the first time on appeal. *Wirth v. Ehly,* 93 Wis. 2d 433, 443–44, 287 N.W.2d 140, 145 (1980). We do not address the issue whether Alan waived his right to a credit.

## *Alan's "Self-help"*

Janice argues that the trial court sanctioned Alan's action of "taking the law into his own hands" when he withheld maintenance payments. She cites no authority which defines or describes "taking the law into one's own hands," nor does she cite authority which explains the penalty for such action. She cites *Miner v. Miner,* 10 Wis. 2d 438, 445, 103 N.W.2d 4, 8 (1960), for the principle that the court may not cancel maintenance arrearages without cause. The trial court did not grant credits against Alan's maintenance arrearages without reasons for doing so. Neither did the court approve Alan's "self-help" action. The court stated:

[B]oth the parties have been in violation of some of the terms of the judgment . . . . [T]he judgment deter-

mine[s] the rights and positions of the parties. That judgment is what will have to be enforced by the Court in light of the present law, and of course, as I'm sure Mr. Young is now aware, withholding alimony is not a proper remedy for violation of the visitation provisions by the other party, and that action which he took is inappropriate, and he cannot be forgiven for alimony which was legally his obligation and will accrue as an arrearage . . . [which] totals $5,646.

Janice has cited no other cases suggesting she has a remedy for Alan's action of "self-help." We do not address arguments unsubstantiated by authority. *Shaffer, supra.*

*Payment of Janice's Transportation Costs to Hearing*

Janice mentions this issue in the conclusion to her brief but provides no support for her contention that Alan should pay her transportation costs to attend the trial court hearing. An issue which has not been briefed or argued on appeal is deemed abandoned. *Reiman Associates v. R/A Advertising,* 102 Wis. 2d 305, 306 n. 1, 306 N.W.2d 292, 294 (Ct. App. 1981). We do not address this issue.

*By the Court.*—Order affirmed.