# IN RE the MARRIAGE OF: Kathleen Ruth GUZIKOWSKI, f/k/a Kathleen Ruth Kuehl, Petitioner-Respondent,

### v.

# Thomas D. KUEHL, Respondent-Appellant.†

Court of Appeals

*Nos. 88-1968, 89-0046. Submitted on briefs October 4, 1989.—Decided November 8, 1989.*

(Also reported in 451 N.W.2d 145.)

†Petition to review denied.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Thomas D. Kuehl,* of Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Richard R. Sindic* and *Valorie L. Kohn* of *Chernov, Croen & Stern, S.C.,* of Milwaukee.

Before Brown, P.J., Scott and Nettesheim, JJ.

BROWN, P.J.   Thomas Kuehl appeals from a child support order entered after this case was remanded following Kathleen Kuehl's successful cross-appeal of the issue. Thomas now raises a host of arguments contesting the trial court's child support award of 29% of his gross income. Thomas also argues that the trial court's award to Kathleen of appellate attorney's fees pending appeal was improper. We reject his arguments and affirm.

Thomas and Kathleen's judgment of divorce was entered by Reserve Judge David Dancey. Kathleen cross-appealed on the issue of the amount of child support she was awarded. This court reversed, holding that because the trial court followed the percentage standard set by sec. 767.25(1p), Stats. (1983–84), it was an abuse of discretion for it to then adjust that figure by consideration of the factors enumerated in sec. 767.25(1m), Stats. (1983–84).

Following remand, a hearing was scheduled for January 22, 1988 before Judge Dancey. By this time, Kathleen had remarried. At the time of the hearing, Thomas filed a motion alleging a change in circumstances since the date of trial. The motion was denied as untimely. Based on the record before it, the court awarded as child support to Kathleen 29% of Thomas' gross income. Thomas filed an appeal.[1]

[1]On August 15, 1989, Kathleen filed a motion to strike what

Kathleen filed a motion requesting attorney's fees and costs pending the appeal, pursuant to sec. 767.39(2), Stats. The motion was heard by Judge Joseph D. McCormack, who ordered Thomas to contribute towards Kathleen's costs.

Thomas appealed. The two appeals have been consolidated for purposes of review. Thomas first argues that the trial court erred in failing to grant a rehearing and to take new evidence on child support. We disagree.

First, Thomas' assertion to the contrary notwithstanding, this court's order on remand did not require a hearing. Our decision did not criticize the trial court's use of the percentage standard to set child support, but rather found that it improperly modified that standard using the statutory factors of sec. 767.25(1m), Stats. (1983–84). If our decision implied anything, it was that the court's error could be corrected mechanically, and without additional evidence.

Accordingly, the power to reopen the case for additional testimony lay within the sound discretion of the trial court. *Stivarius v. DiVall,* 121 Wis. 2d 145, 157, 358 N.W.2d 530, 536 (1984). This court will not reverse a discretionary decision by a trial court unless there was no reasonable basis for that decision. *Id.*

We see no abuse of discretion here. Thomas' motion was based on his assertion that since the initial child

she designates an improper argument on this issue made by Thomas in his reply brief. We held that motion in abeyance and, in light of our disposition of the issue on appeal, we determine that resolution of the motion is unnecessary.

Additionally, Kathleen moved to correct her appendix to reflect an accurate citation to the record. This motion is granted.

support order vacated by this court, there had been a substantial change in his circumstances. However, the motion for a hearing on changed circumstances was untimely filed, as it was served on the day set for hearing timely motions after remand. Section 801.15(4), Stats., requires motions to be filed five days before hearing. We see nothing improper in the trial court's adherence to the statutory time limits. Thus, even assuming a motion to modify child support can be timely filed before a standing child support order exists, this motion was not timely made.

In the absence of a timely motion, the court acted within bounds when it ordered child support retroactive to the remand based on the evidence of record. *Overson v. Overson,* 140 Wis. 2d 752, 759, 412 N.W.2d 896, 899 (Ct. App. 1987). Thomas was, and is, free to move the court for modification of child support in a timely fashion after entry of the child support order.

Thomas argues that his motion was timely because he did not request to be heard on January 22, 1988, but rather left the date of hearing to be set by the trial court for some time in the future. In that case, however, we fail to see how the trial court erred in ordering child support on the basis of the evidence before it. Thomas did not seek to prevent the hearing scheduled for the 22nd from taking place. Thus, the court properly set child support on that date, noting that a motion to modify would probably be forthcoming.

Thomas argues that the modification of sec. 767.25, Stats., effective in July of 1987, required a hearing on remand. We disagree. Section 767.25, governs child support orders and, like its predecessor, has its initial applicability when child support is first set. Support orders are made based on the circumstances existing at the time

231

of divorce. *Anderson v. Anderson,* 72 Wis. 2d 631, 643, 242 N.W.2d 165, 171 (1976).

Thomas' motion and affidavit did not propose a child support order based both on the change in the statute and on his circumstances at the time of trial. Instead, his affidavit—like his arguments to the trial court—concerned changes in circumstances occurring after the trial. He did not assert that there existed at the time of trial undisclosed factors now made relevant by the new statute. Under these facts, we see nothing in the statute that mandates taking additional evidence or that prevents the trial court from applying the new statute to the previously developed record. *Cf. Welty v. Heggy,* 145 Wis. 2d 828, 839, 429 N.W.2d 546, 551 (Ct. App. 1988), *cert. denied,* 474 U.S. 947 (1985) ("Law of the case doctrine does not prevent a trial court from retrying an issue if evidence on a subsequent trial is substantially different or if controlling authority has been modified.").

Thomas also argues that the enactment of sec. 767.32(1m), Stats., which prevents retroactive revision of child support following a motion to modify that support, required the trial court to hold a hearing on remand. He argues that:

> The order of the trial court which might be fair on the basis of circumstances existing in November, 1985, would result in an inequity because of changes of circumstances arising during the pendency of the appeal. Yet, because of the prohibition against retroactive modification of child support, [Thomas] could not change the order until sometime after the order on remand was issued and [Thomas] filed a motion under sec. 767.32, Wis. Stats. Even this post-judgment motion would only effect [sic] the payment of support prospectively.

232

▮

Assuming that Thomas' argument is otherwise correct, he failed to make a timely motion for a hearing on changed circumstances. There is no legal presumption that circumstances have changed; the party alleging a change has the burden of proving it. *See Thibadeau v. Thibadeau,* 150 Wis. 2d 109, 115, 441 N.W.2d 281, 283 (Ct. App. 1989). Therefore, pursuant to *Overson,* 140 Wis. 2d at 759, 412 N.W.2d at 899, the court could make the discretionary decision to adjust its judgment on remand retroactively and presume that circumstances had remained the same. While a timely motion asserting changed circumstances might render a court's retroactive decision an abuse of discretion, in this case Thomas did not request that a hearing on changed circumstances be scheduled until after child support was set on January 22, 1988. He therefore cannot argue that his circumstances changed between November of 1985 and January 22, 1988.

▮

In sum, we find no abuse of discretion in the trial court's declining to take new evidence when it set child support following remand.

Next, Thomas argues that the court was without jurisdiction to grant an allowance to Kathleen for attorney's fees, pursuant to sec. 767.39(2), Stats. That statute states that counsel fees awards, "if made at all, shall be made by the proper trial court upon motion made." *Id.*

Thomas argues that the "proper" trial court refers only to the judge who heard the original motion. Since Judge Dancey heard the original action but Judge McCormack was appointed to this case in September of 1988, Thomas argues that Judge McCormack could not award fees under sec. 767.39(2), Stats. We reject the contention.

We will not construe a statute in such a way as to reach an absurd result. *Brandt v. Brandt,* 145 Wis. 2d 394, 423, 427 N.W.2d 126, 137 (Ct. App. 1988). Under Thomas' reading of this statute, monetary allowances for counsel fees pending appeal could never be made if the trial judge who heard the first action died, was unseated, permanently retired or became disabled. We reject any argument that these allotments were keyed by the legislature to such irrelevant vagaries.

We assume that the legislature chooses its words with care so as to express its meaning. *Ball v. District No. 4,* 117 Wis. 2d 529, 539, 345 N.W.2d 389, 394 (1984). Therefore, we understand the statute to refer to the forum and not the judge. Had the legislature intended to designate only the original judge as competent to hear motions pursuant to sec. 767.39, Stats., it would have said so. Instead, it referred to the "court." The judge and the court are not identical. *State v. Dickson,* 53 Wis. 2d 532, 542, 193 N.W.2d 17, 23 (1972). The judge is a person. The court is an institution. It requires something more than a judge sitting on the bench to constitute a court. *Id.*

Thomas next argues that the court erred in allowing Kathleen attorney's fees because it discounted her new husband's income and assets. We disagree.

Thomas argues that upon her remarriage, an ex-wife must first show that her present husband is unable to pay for her attorney's fees before she can obtain contribution from her ex-husband. He misreads the law.

Our supreme court interprets the Wisconsin case law as holding that "it is not an abuse of discretion for the trial court to deny counsel fees to a divorced wife who has remarried, in the absence of a showing [that]

234

her second husband is unable to pay for them." *King v. King,* 25 Wis. 2d 550, 558, 131 N.W.2d 357, 361 (1964). However, while denial of such an award may not be an abuse of discretion, the converse is not automatically true; that is, *King* does not hold that allowing counsel fees to a remarried ex-wife is automatically an abuse of discretion or an error of law. We hold that the standard for an award of fees to a remarried ex-wife is the same as for an unmarried ex-spouse: we must determine whether such an award constitutes an abuse of discretion. *Klipstein v. Klipstein,* 47 Wis. 2d 314, 319, 177 N.W.2d 57, 59 (1970).

Proper exercise of discretion here required the trial court to determine Kathleen's needs, Thomas' ability to pay, the reasonableness of the total fee, and the probability that the appeal would be successful. *Bloomer v. Bloomer,* 84 Wis. 2d 124, 137–38, 267 N.W.2d 235, 241–42 (1978).

Here, the trial court expressly considered Thomas' current employment situation and determined that he was able to pay. It also considered Kathleen's needs and found that she was unable to assume the costs of appeal because she was expecting a child "any day" and her employment opportunities were therefore extremely limited. The court also considered, but rejected, Kathleen's new husband's income as a factor.

The court's determination that the new husband's income would not be considered is consistent with *Miller v. Miller,* 67 Wis. 2d 435, 227 N.W.2d 626 (1975). In that case, the court denied an award of attorney's fees from a remarried woman to her ex-husband. The court stated: "True, Mrs. Steiner is a joint owner of a substantial home. However all but a very minor portion of the funds necessary to acquire it came from her present husband . . .." *Id.* at 450, 227 N.W.2d at 634. The court

went on to state that Mrs. Steiner had no present income of her own, although it left intact a trial court finding that Mr. and Mrs. Steiner treated Mr. Steiner's earnings as joint income. *Id.* at 450, 449, 227 N.W.2d at 634, 633. The court then held that it would be an abuse of discretion to burden Mr. Steiner with the costs of Mr. Miller's appellate proceedings.

*Miller* implies that despite joint ownership of marital assets, a trial court setting appellate attorney's fees in a divorce action may disregard the assets and income produced primarily by a third-party spouse if it determines that including those sums serves only to burden the efforts of that spouse with the costs of another party's legal proceedings. Here, while under the marital property act Kathleen may own a one-half interest in her husband's income, the trial court was not required to ignore the source of that income, any more than the *Miller* court was required to ignore the source of Mrs. Steiner's half of her home.

Similarly, the court could discount the money Kathleen receives from Thomas for supporting her minor children. *See Miller,* 67 Wis. 2d at 450, 227 N.W.2d at 634. By definition, this is an amount needed for supporting those children. *Thibadeau,* 150 Wis. 2d at 118, 441 N.W.2d at 285.

Thomas does not contest the reasonableness of the fee. We therefore do not discuss the third *Bloomer* factor.

Finally, the most important *Bloomer* factor in the trial court's equation was the last: the court determined that the appeal had "very little chance of success."

■

When a trial court is called upon to use its discretion, part and parcel of that exercise is the determination of what factors are most important. *See State v.*

236

*Spears,* 147 Wis. 2d 429, 446, 433 N.W.2d 595, 603 (Ct. App. 1988). Our supreme court has upheld an award of appellate attorney's fees in a decision implying that one party's need was little, if any, and the other party's ability to pay was questionable, but where the court found that counsel must have realized that he stood little chance of succeeding on appeal. *Klipstein,* 47 Wis. 2d at 320, 177 N.W.2d at 60. The trial court here found a negligible chance of a successful appeal coupled with express findings of need and ability to pay. Its award of attorney's fees to Kathleen was therefore not an abuse of discretion.

Kathleen argues that Thomas' issues on appeal are frivolous and requests us to so find. We decline to do so. We agree that his arguments on the issue of child support have very little merit. They do not, however, slide over the line that divides impermissibly frivolous arguments from those that are merely labored. These arguments, while unpersuasive, are accompanied by appropriate citations and legal discussion and we cannot find either that they are made in bad faith or without the support of a good faith argument for an extension, modification or reversal of existing law. *See* sec. 809.25(3), Stats.

*By the Court.*—Orders affirmed.