# COURT OF APPEALS
# DECISION
# DATED AND FILED

## June 25, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP1218**

STATE OF WISCONSIN

Cir. Ct. No.  2017FA109

IN COURT OF APPEALS
DISTRICT IV

IN RE THE MARRIAGE OF:

SUSAN D. GLENNA,

PETITIONER-RESPONDENT,

V.

ROGER DUANE GLENNA, II,

RESPONDENT-APPELLANT.

APPEAL from a judgment of the circuit court for La Crosse County: TODD W. BJERKE, Judge. *Affirmed.*

Before Fitzpatrick, P.J., Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Roger Duane Glenna, II, appeals a judgment that awarded maintenance and child support to Roger's ex-spouse, Susan Glenna, in this divorce case.[1] Roger argues that the circuit court erred by sua sponte reopening the evidence after the divorce hearing and then relying on new evidence that Susan had lost her employment for part of the court's maintenance award. Roger also argues that the circuit court erred by granting maintenance nunc pro tunc to November 29, 2018, when the court relied on evidence received after that date. Finally, Roger argues that, once those errors are corrected, the circuit court must recalculate Roger's child support obligation. For the reasons set forth in this opinion, we reject Roger's contentions. We affirm.

¶2 Roger and Susan were married in June 2005. Susan petitioned for divorce in March 2017. In November 2018, the circuit court held a contested divorce hearing. The court granted the divorce as of November 29, 2018, but requested the parties to submit written arguments on maintenance and child support issues that were contested at the divorce hearing.

¶3 Subsequently, at a March 4, 2019 contempt hearing, Susan's counsel informed the court that Susan had lost her employment. The court allowed both parties an opportunity to submit any additional information since the date of the divorce that they wished the court to consider in its final maintenance and child support decisions. Susan submitted an affidavit on March 11, 2019, averring that she had lost her employment in January 2019 and believed that she would be receiving unemployment benefits of $135 per week. Roger did not submit any additional information.

---

[1] Because the parties share a surname, we refer to them by their first names for clarity.

¶4      The circuit court issued a judgment on April 30, 2019, resolving the disputed maintenance and child support issues.  The court awarded Susan maintenance for a seven-year term, beginning December 1, 2018.  The court ordered Roger to pay Susan maintenance in the amount of $917 per month, except that for the months of February through July 2019, due to Susan's unemployment, Roger was ordered to pay maintenance in the amount of $1250 per month.  The court also awarded Susan child support in the amount of $1061 per month.  The judgment was entered nunc pro tunc to November 29, 2018.  Roger moved for reconsideration, which the court denied.  Roger appeals.

¶5      Roger argues that the circuit court erred by awarding maintenance to Susan for the period from February 2019 through July 2019 based on the affidavit Susan submitted after the March 2019 contempt hearing.  He points out that Susan did not request that the court reopen the divorce hearing or take additional evidence.  Roger asserts that he was not provided adequate notice and an opportunity to respond to Susan's assertion that she had lost her employment.  He argues that he did not expect the court to rely on Susan's claim of lost employment for its maintenance award.  He contends that he had no meaningful opportunity to verify Susan's asserted loss of income or to object to use of that information in the maintenance award.  Roger cites case law providing that a court may act sua sponte to grant a party relief only if the court provides the opposing party an opportunity to argue the matter.  *See, e.g.*, ***Gittel v. Abram***, 2002 WI App 113, ¶24, 255 Wis. 2d 767, 649 N.W.2d 661 ("Generally, a court has the authority to raise an issue sua sponte if it gives the litigants notice that it is considering the issue and an opportunity to argue.").

¶6      Susan responds that the circuit court had authority to reopen the case and permit further evidence.  Susan cites case law that a court has discretion to

3

reopen a case for additional evidence, and that the court's decision will not be disturbed unless the court erroneously exercised its discretion. *See, e.g.*, *Guzikowski v. Kuehl*, 153 Wis. 2d 227, 230, 451 N.W.2d 145 (Ct. App 1989) ("[T]he power to reopen the case for additional testimony lay within the sound discretion of the [circuit] court. This court will not reverse a discretionary decision by a [circuit] court unless there was no reasonable basis for that decision." (citation omitted)). She points out that the court invited both parties to submit any additional evidence following the contempt hearing. Thus, Susan asserts, the court's consideration of Susan's loss of employment was not unexpected. Roger has declined to file a reply brief, which we deem a concession that Susan's arguments are correct. *See United Coop. v. Frontier FS Coop.,* 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to dispute respondent's arguments in a reply brief may be taken as a concession).

¶7     Aside from Roger's concession, we are not persuaded that the circuit court erred by allowing the parties to submit additional evidence following the contempt hearing. At the contempt hearing, Susan's counsel represented that Susan had lost her employment. The court then informed the parties that it had not finalized its decision on the contested issues, and allowed the parties to submit any additional evidence as to events since the date of the divorce that the parties wanted the court to consider. As Susan points out, both parties were informed at the contempt hearing that the court would consider additional evidence in making its maintenance determination, and both parties were invited to submit any additional evidence on that issue. Significantly, Roger was given notice at the contempt hearing that Susan was claiming a loss of employment, and the court at that time informed the parties that it would consider events that occurred after the date of divorce. We therefore reject Roger's contention that he was not provided notice or

4

an opportunity to respond when the court reopened the evidence on the issue of maintenance.

¶8 Roger also argues that the court erred by considering Susan's loss of employment in January 2019 and then entering its decision nunc pro tunc to November 29, 2018. Roger asserts that the general rule is that a court may enter a judgment nunc pro trunc if it could have taken that action on the earlier date. In support, Roger cites cases holding that a circuit court "cannot modify or amend its judgment to make it conform to what the court ought to have or intended to adjudge." *See, e.g.,* **Gibson v. Madison Bank & Trust Co.**, 7 Wis. 2d 506, 515, 96 N.W.2d 859 (1959). Roger also asserts that the court created an ambiguity as to which tax code will apply to the parties: the tax code that existed in 2018 or the new tax code in 2019.

¶9 Susan responds that the court did not err by entering its judgment nunc pro tunc to the date of the divorce. She asserts that the court acted in accordance with nunc pro tunc law by ordering the increased maintenance for February to July 2019, after the date Susan lost her employment. She also argues that the 2018 tax code will clearly apply because the judgment of divorce was granted in 2018. Again, Roger has not filed a reply brief to dispute Susan's contentions.

¶10 We conclude that Roger has not established that the circuit court erred by entering its judgment nunc pro tunc to the date of the divorce. While Roger asserts generally that a court may not enter a judgment nunc pro tunc if it could not have taken the action on the earlier date, he makes no attempt to apply the law to the facts of this case to explain why he believes that the circuit court erred. Rather, Roger's entire substantive argument on the court's authority to enter the judgment nunc pro tunc is as follows: "The issue that arises here is whether the court was

5

authorized to enter its decision nunc pro tunc as of November 29, 2018, when the court relied in its decision on information that it had received after January 1, 2019." We therefore deem Roger's argument that the court did not have authority to enter the judgment nunc pro tunc insufficiently developed for this court to address it. *See State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992). Additionally, based on Roger's failure to file a reply brief, we deem him to have conceded Susan's contention that the court properly entered the judgment nunc pro tunc to the date of divorce under the facts of this case. *See United Coop.*, 304 Wis. 2d 750, ¶39. We also accept Susan's uncontested position that there is no ambiguity as to the tax consequences of the judgment. *See id.*

¶11     Finally, Roger argues that, if he is granted relief on his maintenance arguments, the circuit court will need to recalculate child support. Because we have rejected Roger's maintenance arguments, we reject his child support argument as well. We affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).