# COURT OF APPEALS
## DECISION
## DATED AND FILED

## December 7, 2023

**Samuel A. Christensen**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1428**

**STATE OF WISCONSIN**

Cir. Ct. No. **2021SC4347**

**IN COURT OF APPEALS**
**DISTRICT IV**

WINDSOR TOWNHOMES, LLC,

    PLAINTIFF-RESPONDENT,

  V.

ABDALLA IBRAHIM ZANOUNY IBRAHIM AND ASMAA IBRAHIM,

    DEFENDANTS-APPELLANTS.

---

APPEAL from a judgment of the circuit court for Dane County: JACOB B. FROST, Judge. *Affirmed.*

¶1 TAYLOR, J.[1] Abdalla Ibrahim Zanouny Ibrahim and Asmaa Ibrahim (the Ibrahims), pro se, appeal a small claims money judgment against

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

them in favor of their prior landlord, Windsor Townhomes, LLC ("Windsor Townhomes"). The Ibrahims argue that the circuit court violated their right to due process by starting the trial de novo approximately thirty minutes late and "rushing" through the trial. They also argue that the court erred by failing to admit and consider certain evidence and in denying their request to reopen the evidentiary record. I reject the Ibrahims' arguments and affirm.

## BACKGROUND

¶2    Windsor Townhomes owns a four-unit townhome in Windsor, Wisconsin. In July 2019, the Ibrahims leased a townhome unit from Windsor Townhomes (the "unit") and paid a $900 security deposit. The written lease expired at the end of 2020, and was not renewed by Windsor Townhomes.

¶3    According to Windsor Townhomes, there was significant and unusual damage to the unit at the time the Ibrahims moved out. In January 2021, Windsor Townhomes sent the Ibrahims a security deposit disposition letter, alleging that they had caused $10,234.35 in damages to the unit, and seeking $9,334.35 in damages after the application of the Ibrahims' security deposit. The damages itemized in the letter included painting costs of $4,515.00, as well as various other charges for repair, cleaning, and unpaid utilities.

¶4    The Ibrahims did not pay, and Windsor Townhomes brought this action. The Ibrahims filed an answer and counterclaim, denying responsibility for all but $476.83 and seeking damages for the late return of the remainder of their security deposit pursuant to WIS. ADMIN. CODE § ATCP 134.06 and WIS. STAT.

2

§ 100.20(5).[2] After a hearing before a court commissioner, the Ibrahims requested a trial de novo before the circuit court.

¶5 On May 19, 2022, the circuit court held the trial de novo. The Ibrahims were represented by counsel. According to the Ibrahims, the trial was scheduled to begin at 1:30 p.m. and last for two hours. They allege that, because the court was late, the trial did not begin until 2:04 p.m.[3]

¶6 During the trial, the circuit court heard testimony from the Ibrahims and from Windsor Townhomes' owner Adam Gorman, and it admitted numerous exhibits offered by both parties. Among other documents, Windsor Townhomes introduced written statements by three contractors hired by Gorman to repair the alleged damages to the unit caused by the Ibrahims. Each contractor represented that the damage to the unit was unusually extensive. According to one account, the unit was "excessively dirty," the walls were "covered with scribbles from pen or permanent markers," and the baseboards and doors had numerous "gouges." Another account noted "hundreds of pen and knife holes" in the walls and doors throughout the unit, and other damage to the unit. According to another account, there was "a massive amount of damage," and the walls, trim, and doors had to be repaired and repainted.

---

[2] *See Armour v. Klecker*, 169 Wis. 2d 692, 698, 486 N.W.2d 563 (Ct. App. 1992) ("[I]f a court determines that a landlord has violated [WIS. ADMIN. CODE § ATCP 134.06], it is required under the plain unambiguous language of [WIS. STAT. §] 100.20(5) … to award double damages and attorney fees.").

[3] The transcript reflects that the trial began at 2:04 p.m.; however, the Ibrahims cite nothing in the record to show that the trial should have started at 1:30 p.m., or that the reason for the delay was the judge's tardiness. However, for the purposes of this opinion, I will assume that the Ibrahims' representations are accurate.

¶7      The Ibrahims sought to introduce evidence of their "experience with prior landlords" to show that, in previous tenancies, they had left the premises in good condition. Windsor Townhomes objected to the admission of this evidence on relevancy grounds. The circuit court sustained the objection and excluded the evidence.

¶8      After closing arguments, the circuit court acknowledged that the time was 4:30 p.m., and said that, rather than "rush" a decision, it would take the matter under advisement and review the exhibits before making a decision.

¶9      Following the trial but before the circuit court issued its decision, the Ibrahims' trial counsel withdrew from further representation. Proceeding pro se, the Ibrahims submitted a letter requesting that the court consider additional evidence not presented at trial and, if necessary, schedule an additional hearing. The court denied these requests.

¶10     The circuit court issued a written decision in favor of Windsor Townhomes. In reaching its decision, the court relied on the landlord's evidence that the damage to the unit was unusually severe, and referenced the statements of the three contractors and photographic evidence. The court also relied on the Ibrahims' own admissions that they had caused damage to the unit, including breaking a window in wintertime and leaving it damaged, leaving marker and crayon marks on the unit's walls, and hitting a retaining wall with their vehicle. The court evaluated each alleged item of damage, finding that Windsor Townhomes had not met its burden of proof as to certain demands, and reducing other damages based on expected costs regularly incurred between leases, such as cleaning and regular wear and tear. Ultimately, the court awarded damages in the amount of $7,500.85, as well as statutory costs in the amount of $654.50, for a

total judgment of $8,155.35. The court denied the Ibrahims' counterclaim alleging the unlawful withholding of a portion of their security deposit. The Ibrahims appeal.

## DISCUSSION

¶11 The Ibrahims argue that the circuit court violated their due process rights by starting the trial approximately thirty minutes late and rushing through the trial. They also argue that the court erred by failing to admit and consider certain evidence, and denying their motion to reopen the evidentiary record.

### 1. The Ibrahims' Due Process Argument

¶12 Due process arguments "raise questions of law that we review de novo." *City of S. Milwaukee v. Kester*, 2013 WI App 50, ¶13, 347 Wis. 2d 334, 830 N.W.2d 710. I address the Ibrahims' due process argument only briefly because it is based on a premise unsupported by the record and therefore fails. The Ibrahims assert that the circuit court commenced the trial approximately thirty minutes late, which created a "rushed" proceeding that denied them "the opportunity to present crucial evidence or arguments." The Ibrahims do not expressly identify what evidence they would have presented or arguments they would have made had the trial extended beyond its two and one-half hour length.

¶13 WISCONSIN STAT. ch. 799 sets forth court rules for "small claims" actions, which govern eviction actions. *See* WIS. STAT. § 799.01(1)(a). Like other small claims proceedings, during an eviction trial, a circuit court "shall conduct the proceeding informally, allowing each party to present arguments and proofs and to examine witnesses to the extent reasonably required for full and true disclosure of the facts." WIS. STAT. § 799.209(1).

¶14    Contrary to the Ibrahims' assertions, the circuit court actually permitted the trial to extend *longer* than the two hours the Ibrahims allege were initially scheduled:  the trial lasted two and one-half hours, from 2:04 p.m. until 4:34 p.m.  During this time, each party fully presented its case by calling witnesses and soliciting testimony, moving exhibits into evidence and making final arguments.  Contrary to the Ibrahims' assertion that the court "rush[ed]" the trial, the court allotted the time needed to hear all of the evidence and arguments each party desired to present and more time than the Ibrahims had anticipated.  The Ibrahims were represented by counsel at the trial and had every reasonable opportunity to introduce evidence and make their arguments.  At no point during the trial did they request additional time to present their case.

¶15    The circuit court indicated that it knew the Ibrahims had time constraints due to their child care situation, to which they alerted the court.  At the end of the trial, the court indicated that rather than "rush" through an oral decision, it wanted additional time to review and evaluate the evidence.  The court took the matter under advisement and ultimately issued a thorough written decision.

¶16    Accordingly, the circuit court did not "rush" the trial, and the Ibrahim's due process argument fails because it is factually unsupported by the record.

2.  The Ibrahims' Evidentiary Arguments

¶17    The Ibrahims argue that the circuit court committed evidentiary errors by failing to consider evidence that "could have significantly changed the court[']s position."  The Ibrahims appear to argue that the court erred in three ways:  (1) by excluding evidence of their experiences as tenants with prior landlords; (2) by failing to consider certain evidence neither party offered; and

6

(3) by denying their post-trial request to submit additional evidence. For the reasons set forth below, I reject all of these arguments.

¶18 I first address the Ibrahims' argument that the circuit court erroneously excluded evidence. As noted above, the Ibrahims attempted to offer evidence of their history as tenants with prior landlords. Windsor Townhomes objected on relevancy grounds. As an offer of proof, the Ibrahims' trial counsel explained that the Ibrahims had spent "six years living at UW housing with seven children" without significant damage, and evidence to that effect would "dispel any concerns" that the unit had been damaged due to the Ibrahims' large family. The court excluded the evidence, explaining that "the reasonable probative value is so small, especially with how much time we have left." The court reasoned that "other acts" evidence is not "very useful, which is why, when the rules of evidence apply, we tend to exclude it," and that the proceedings should instead "focus on what happened here."

¶19 The rules of evidence generally do not apply to small claims proceedings; rather, the circuit court "shall admit all other evidence having reasonable probative value, but may exclude irrelevant or repetitious evidence or arguments." WIS. STAT. § 799.209(2). "The admissibility of evidence is directed to the sound discretion of the [circuit] court …." *State v. Brewer*, 195 Wis. 2d 295, 305, 536 N.W.2d 406 (Ct. App. 1995). "We affirm discretionary decisions if the circuit court applies the correct legal standard to the relevant facts and reaches a reasonable outcome." *JP Morgan Chase Bank, NA v. Green*, 2008 WI App 78, ¶11, 311 Wis. 2d 715, 753 N.W.2d 536.

¶20 As the circuit court correctly noted, the proffered evidence did not relate directly to the dispute before the court, but instead was offered to show that

the Ibrahims had, in other tenancies with different landlords, kept the premises in good condition. The court referenced WIS. STAT. § 904.04(2), which provides that evidence of "other acts" is "not admissible to prove the character of a person in order to show that the person acted in conformity therewith." Although the court recognized that small claims proceedings are generally not subject to the statutory rules of evidence, including § 904.04(2), it acknowledged the legal principle, as reflected in that statute, that evidence has limited value if it does not directly relate to the matter before the court. In the court's assessment of the "probative value" of this evidence, it applied the correct legal standard and had a reasonable basis to exclude the evidence. The Ibrahims have not shown that the court erroneously exercised its discretion in excluding this evidence.

¶21 Next, I turn to the Ibrahims' argument that the circuit court erred by failing to consider evidence they never offered at trial. The Ibrahims assert that the court should have considered "a voice recording of the move-out walk[]through" that "would have been essential to the case to show that the claimed damages did not exist at move out." Yet they identify nowhere in the record where they sought to present evidence of any audio recording. The Ibrahims also allege that the court erred when it failed to call Windsor Townhomes' property manager as a witness. They identify nowhere in the record where they sought to call this individual as a witness.

¶22 A circuit court does not erroneously exercise its discretion by failing to consider evidence never offered by a party. As provided in WIS. STAT. § 799.209(1), courts presiding over small claims proceedings shall allow "each party" to present arguments and evidence "as reasonably required" under the circumstances. It is the *parties*, not the court, who develop their own arguments and establish the factual record in small claims proceedings, like other civil

proceedings. Nothing in § 799.209(1) creates an obligation for circuit courts to call their own witnesses or to consider evidence not presented by the parties. Indeed, such requirements would remove courts from the arena of independence into the role of an advocate. *See State v. Garner*, 54 Wis. 2d 100, 104, 194 N.W.2d 649 (1972) (a judge "should not take an active role in trying the case" or act as an "advocate" for any party). I therefore reject the Ibrahims' arguments pertaining to evidence never offered at trial.

¶23 Finally, the Ibrahims seem to challenge the circuit court's refusal to reopen the evidentiary record as they requested. As noted above, after trial but before the court issued its ruling, the Ibrahims submitted a pro se letter to the court seeking to admit additional evidence. In the letter, Abdallah Ibrahim explained that he "was not asked" about certain issues during the trial. He requested that the court (1) consider additional evidence, including documents attached to his letter that purportedly call into question the credibility of Gorman and one of the contractors who wrote a testimonial, and (2) set an additional hearing. In its written decision, the court denied the Ibrahims' requests, stating that it "did not consider any submissions of evidence or argument post-trial, as evidence was already closed and the [c]ourt had already received oral arguments."

¶24 The circuit court's decision to grant or deny a request to reopen the evidentiary record is discretionary and is sustained unless the court erroneously exercised its discretion. *See Guzikowski v. Kuehl*, 153 Wis. 2d 227, 230, 451 N.W.2d 145 (Ct. App. 1989). The Ibrahims do not persuade me that the court erred by denying their request. Reopening the record under the circumstances would have been contrary to the nature of small claims proceedings, which are intended to resolve disputes quickly and efficiently. *See King v. Moore*, 95 Wis. 2d 686, 690, 291 N.W.2d 304 (Ct. App. 1980). The letter provides no

compelling reason why the additional evidence was not timely offered at trial.[4] Moreover, the letter does not identify any compelling new evidence directly relating to the alleged damages, but instead seeks to challenge the opposing party's credibility. Given the marginal relevance of the additional evidence, the Ibrahims' trial counsel might have made a strategic decision not to offer it. The court had a reasonable basis to decline to reopen the record, and the Ibrahims have not shown that the court erroneously exercised its discretion.

## CONCLUSION

¶25     For all of these reasons, I affirm the judgment of the circuit court.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[4] In fact, one of the documents that the Ibrahims sought to admit had already been admitted. The Ibrahims' letter asks the circuit court to consider an email chain between Abdalla Ibrahim and Adam Gorman showing that Tyler Schmidt (one of the contractors who wrote a statement about extensive damage to the unit) regularly works for Gorman and therefore "may have bias." However, the email chain in question was admitted into evidence at trial, and Gorman testified at trial that Schmidt was a "maintenance tech" for the business. Thus, the court was already aware of the relationship between Gorman and Schmidt, and could consider any resulting bias in weighing Schmidt's testimony.