**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**June 16, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP2054-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2019CT188**

**IN COURT OF APPEALS**
**DISTRICT IV**

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

ROBIN DAVID SMOLAREK,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Waupaca County: TROY NIELSEN, Judge. *Affirmed.*

¶1 NASHOLD, J.[1] Robin David Smolarek appeals from a judgment of conviction for operating a motor vehicle with a detectable amount of a restricted controlled substance (Delta-9-tetrahydrocannabinol, or THC) in his blood, as a

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version.

third offense.  *See* WIS. STAT. § 346.63(1)(am) ("No person may drive or operate a motor vehicle while … [t]he person has a detectable amount of a restricted controlled substance in his or her blood."); WIS. STAT. § 340.01(50m)(e) ("restricted controlled substance" includes THC).  Smolarek argues that his arrest was not supported by probable cause and that the circuit court therefore erred in denying his motion to suppress blood draw evidence obtained pursuant to Wisconsin's implied consent law.  *See* WIS. STAT. § 343.305.  I conclude that the court did not clearly err in finding that Smolarek admitted to the arresting officer that he had smoked marijuana not long before driving.  I further conclude that Smolarek's admission is sufficient to establish probable cause to arrest.  Accordingly, I affirm.

## BACKGROUND

¶2    At approximately 7:00 in the evening, Smolarek was involved in an accident while driving his motorcycle.  A short time later that night, a law enforcement officer met with Smolarek at his friend's residence to question him about the accident.  The officer observed that Smolarek needed medical assistance; another individual drove Smolarek to the hospital, and the officer followed him there.

¶3    Beginning at the residence and continuing at the hospital, the officer asked Smolarek questions about the accident.  The officer initially had no grounds to believe that Smolarek had been driving under the influence.  As part of the interview, however, the officer asked Smolarek routine questions about his alcohol and drug use that day.  According to the officer, Smolarek admitted that he had smoked marijuana before driving his motorcycle.  Based on this admission, the officer placed Smolarek under arrest and read him the Informing the Accused

2

form. Smolarek consented to a blood test, which showed that his blood contained THC (indicating marijuana use).

¶4     Smolarek moved to suppress the results of the blood test on the ground that he was not lawfully under arrest when his blood was drawn. Specifically, Smolarek disputed that he had told the officer that he had smoked marijuana before driving, and he argued that there was no other evidence providing probable cause to arrest. Following a suppression hearing, the circuit court denied the motion, and Smolarek pled no contest. Smolarek appeals.

## DISCUSSION

### I. Principles of Law and Standard of Review

¶5     Under the Fourth Amendment and Article I, § 11 of the Wisconsin Constitution, an arrest must be supported by probable cause. *State v. Secrist*, 224 Wis. 2d 201, 208-09, 589 N.W.2d 387 (1999). Probable cause is an objective standard; the inquiry is whether "the quantum of evidence within the arresting officer's knowledge at the time of the arrest … would [have led] a reasonable police officer to believe that the defendant probably committed or was committing a crime." *Id.* at 212. For probable cause to exist, "there must be more than a possibility or suspicion that the defendant committed an offense, but the evidence need not reach the level of proof beyond a reasonable doubt or even that guilt is more likely than not." *Id.* Probable cause is "assessed on a case-by-case basis, looking at the totality of the circumstances." *State v. Lange*, 2009 WI 49, ¶20, 317 Wis. 2d 383, 766 N.W.2d 551.

¶6     An appellate court's review of a probable cause determination presents a mixed question of fact and law. *County of Jefferson v. Renz*, 231

Wis. 2d 293, 316, 603 N.W.2d 541 (1999). This court will uphold findings of fact unless clearly erroneous, but it will determine de novo whether those facts satisfy the standard for probable cause. *Id.*

## II. *Application to Smolarek's Appeal*

¶7 Smolarek does not dispute that it is a crime for him to have driven his motorcycle with the amount of a restricted controlled substance (i.e., THC) detected in his blood. Smolarek argues, however, that the result of this blood test must be suppressed because his consent was obtained pursuant to an unlawful arrest. Specifically, Smolarek argues that the circuit court clearly erred in finding that he had admitted to the officer that he had smoked marijuana before driving and, therefore, that there was no probable cause to arrest him.

¶8 At the suppression hearing, the officer testified to the following. Smolarek initially told the officer that he had smoked marijuana in the early- to mid-afternoon, prior to the vehicle accident that evening. Based on this admission, the officer placed Smolarek under arrest and obtained his consent for a blood draw. In the hours after his arrest, however, Smolarek changed his story. Smolarek claimed to have smoked marijuana only after the accident, at which time, he claimed, he also took a shower. The officer testified that Smolarek's appearance belied aspects of his changed story: when she first met with him, he did not appear to have recently taken a shower, and he was still wearing bloody clothes from the accident. Smolarek did not testify at the hearing.

¶9 The circuit court found that Smolarek had admitted to the officer that he had smoked marijuana before, and not after, operating the motorcycle. The court credited the officer's account, remarked that Smolarek "was being less than honest" to the officer about having showered and smoked marijuana after the

accident, and concluded that this later claim of smoking marijuana after the accident "doesn't bear out."

¶10    Smolarek points out that there were facts before the circuit court supporting the alternative conclusion that he had smoked marijuana after, and not before, the accident. Specifically, Smolarek points to a witness statement that he wrote shortly after his arrest, which states as much. However, Smolarek's argument reflects a misunderstanding of the scope of this court's review. On appeal, this court cannot rely on this written statement to independently conclude that Smolarek's later account is truthful. Rather, this court must defer to the circuit court's credibility determinations and weighing of the evidence, *see State v. Poellinger*, 153 Wis. 2d 493, 506, 451 N.W.2d 752 (1990), and cannot overturn findings of fact so long as the evidence would permit a reasonable fact finder to reach that conclusion, *see Reusch v. Roob*, 2000 WI App 76, ¶8, 234 Wis. 2d 270, 610 N.W.2d 168. Here, the circuit court's factual findings are based on its determination, amply supported by the officer's testimony, that Smolarek initially told the officer that he had smoked marijuana before driving and that he later retracted this admission once he was arrested. I have no basis to overturn this finding.

¶11    Smolarek further implies that his admission to the officer that he smoked marijuana before driving cannot, in and of itself, provide probable cause to arrest. Smolarek appears to argue that the officer needed corroborating evidence that he was operating with a restricted controlled substance in his blood before arresting him. This argument ignores the probable cause standard, namely, that probable cause is a flexible, "totality of the circumstances" inquiry that takes into account the common sense and judgment of the arresting officer. *Lange*, 317 Wis. 2d 383, ¶20. Moreover, Smolarek cites no law for the proposition that

probable cause to arrest cannot be based solely on the defendant's admitting to criminal conduct. Accordingly, I do not address this argument further. *See **Young v. Young***, 124 Wis. 2d 306, 312, 369 N.W.2d 178 (Ct. App. 1985) (appellate courts may "refuse to consider an argument without legal authority specifically supporting the relevant propositions").

¶12 Because there was probable cause to arrest Smolarek, the results of the blood test were admissible. Accordingly, there is no basis to overturn his conviction.[2]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[2] In its response brief, the State cites a "narrative report" of the officer that is included in the State's appendix. This "narrative report" is not in the record; therefore, I do not consider its substance in this decision. I remind the parties that all documents relevant to their appeal must be in the record and cannot be introduced through an appendix to the appellate briefing. *See* WIS. STAT. RULES 809.15, 809.19(1)(e).